■ MARY SWARTZ, as Administrator of the Estate of WALTER SWARTZ, Deceased, et al., Respondents, v SAMUEL C. KARLAN, Appellant, et al., Defendant. — In an action to recover damages for medical malpractice, defendant Samuel C. Karlan appeals (1) as limited by his notice of appeal and brief, from so much of

an order of the Supreme Court, Queens County (Kunzeman, J.), dated December 21, 1983, as denied that branch of his motion as sought partial summary judgment as to him with respect to treatments rendered by him between February 4, 1964 and May 7, 1968 and an office visit in July, 1975, and (2) as limited by his brief, from so much of an order of the same court, dated February 14, 1984, as, upon reargument of that branch of his motion as sought partial summary judgment as to him with respect to the treatments rendered by him between February 4, 1964, and May 7, 1968, and an office visit in July, 1975, adhered to its original determination.

Appeal from order dated December 21, 1983, dismissed. Said order, insofar as appealed from, was superseded by the order dated February 14, 1984.

Order dated February 14, 1984, reversed insofar as appealed from, on the law, and the aforenoted branch of appellants' motion granted, dismissing, as time barred, plaintiffs' causes of action as against him with respect to the treatments rendered by him between February 4, 1964, and May 7, 1968, and the office visit in July, 1975. The order dated February 14, 1984 is modified accordingly.

Appellant is awarded one bill of costs.

Plaintiffs commenced this action in December, 1978, for injuries allegedly sustained by reason of the medical malpractice of defendants. Defendant Dr. Osterman is a general practitioner who referred plaintiffs' decedent, Mr. Walter Swartz, to appellant Dr. Karlan, a neurologist, in 1964 for complaints of fatigue. Dr. Karlan diagnosed Mr. Swartz as having myasthenia gravis, and prescribed the medication mestinon to treat this. Mr. Swartz thereafter took this medication regularly, and continued to see Dr. Karlan periodically until May, 1968. He thereafter chose to visit only his general practitioner, Dr. Osterman, and requested that she prescribe the mestinon medication so as not to "bother" Dr. Karlan. Dr. Osterman did so after making a single telephone call to Dr. Karlan to verify the proper dosage, and Mr. Swartz continued to take the medication. Mr. Swartz visited Dr. Osterman occasionally for various complaints unrelated to this condition during the years 1968 to 1975. He continued to receive his mestinon prescriptions from Dr. Osterman, and did not have any contact with Dr. Karlan during these years. Nor did Drs. Karlan and Osterman consult about this patient after the 1968 telephone call to verify the dosage of mestinon.

In July, 1975, Mr. Swartz made a single visit to Dr. Karlan concerning complaints which have not been shown to be related

to the preceding complaints. Dr. Karlan told him to see an orthopedist or his general doctor.

In May, 1976, Mr. Swartz made one final visit to Dr. Karlan complaining of poor memory, feeling very weak, and having pains in his thigh. Following this visit, Dr. Karlan wrote a letter to Dr. Osterman recommending that Mr. Swartz should receive a full set of tests and examinations in a hospital for a possible "organic mental syndrome". This was Dr. Karlan's first and only contact with Dr. Osterman since 1968, and Dr. Karlan's last involvement with Mr. Swartz, who died in June, 1978.

The gravamen of plaintiffs' causes of action is the alleged misdiagnosis of Mr. Swartz's condition and prescribing improper medication, and failure to correctly diagnose the condition. The original alleged malpractice occurred in 1964, which by itself is long time barred. However, plaintiffs rely upon the doctrine of continuous treatment, claiming that the action insofar as it relates to appellant's treatment from 1964 to 1976 was timely (see CPLR 214-a; *Borgia v City of New York,* 12 NY2d 151). Although Dr. Karlan had no contact with Mr. Swartz between 1968 and 1975, a seven-year period, plaintiffs argue that Dr. Osterman's treatment of Mr. Swartz in prescribing mestinon during these years may be imputed to Dr. Karlan, who diagnosed the ailment and initiated this medication. However, it is not "sufficient for imputation purposes to demonstrate that the treating doctor relied on somebody else's diagnosis. Rather, a continued relationship must be shown between the treating doctor and the misdiagnosing defendant in order to prolong the statute of limitations against the latter" (McLaughlin, 1983 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 214-a, p 185, 1983-1984 pocket part).

Plaintiffs have presented no evidence to support such a relationship. Drs. Karlan and Osterman were independent professionals, with no relationship other than referrals for matters outside their field of expertise. There came a time when Dr. Osterman could not rely upon Dr. Karlan's diagnosis in continuing use of the medication recommended by Dr. Karlan, and when the responsibility for the continued use of the medication and obligation to check the patient's condition and confirm the prior diagnosis became completely hers. At that point, "the diagnostician's constructive continuance in the treatment would have ceased" and plaintiffs' cause of action for improper diagnosis and treatment, if any, is solely against the later doctor (see *Fonda v Paulsen,* 46 AD2d 540, 545).

When "the interval between treatments exceeds the limitations period", the treatment cannot be considered continuous

(*Barrella v Richmond Mem. Hosp.*, 88 AD2d 379, 384; *Bennin v Ramapo Gen. Hosp.*, 72 AD2d 736). While the treatments here did continue after 1968, Dr. Karlan's involvement did not. Certainly seven years of complete noninvolvement should render time barred all claims as to Dr. Karlan's actions in and prior to 1968.

The action insofar as it relates to the 1975 visit must also be considered time barred as against appellant. The only evidence in the record shows that this visit was concerned with complaints unrelated to the original condition, as to which the continuous treatment doctrine does not apply (*Manno v Levi,* 94 AD2d 556, 560, affd 62 NY2d 888).

With regard to both the 1975 visit and the earlier treatments by Dr. Karlan, plaintiffs have utterly failed to produce evidence to defeat the motion for partial summary judgment (CPLR 3212, subd [b]; *Zuckerman v City of New York,* 49 NY2d 557). Appellant's motion for partial summary judgment as to him with respect to these acts should be granted. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.