ROSE YANELLO et al., Appellants, v RADIOLOGICAL HEALTH SERVICE, P. C., et al., Respondents.

Plaintiff Rose Yanello's claim with respect to the actions of defendants on May 21, 1980 is barred by the applicable Statute of Limitations (CPLR 214-a) unless the alleged continuous treatment of said plaintiff by her gynecologist can be imputed to

defendants, to whom plaintiff was referred for a mammogram. In *McDermott v Torre* (56 NY2d 399, 407-408), the Court of Appeals stated that the policy underlying the continuous treatment doctrine generally does not apply to an independent laboratory since such a laboratory generally does not have a continuing or other relevant relationship with the patient, nor, as an independent contractor, does it act as the agent for the treating doctor or otherwise act in relevant association with the physician. In the instant case, plaintiffs did not present any evidence justifying a departure from this general rule. Accordingly, there is no basis for applying the continuous treatment doctrine under the circumstances herein (*see also, Swartz v Karlan,* 107 AD2d 801; *Weinblatt v Lydia Hall Hosp.,* 105 AD2d 781).

Plaintiffs' remaining contentions were not raised at Special Term and we will therefore not consider them on appeal. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.