■ GAIL EVRA and Another, as Executrices of SAMUEL EVRA, Deceased, et al., Respondents, v HILLCREST GENERAL HOSPITAL et al., Defendants, and ARNOLD FREED, Appellant. — In an action to recover damages for personal injuries, etc., sustained as a result of alleged medical malpractice, defendant Arnold Freed appeals from an order of the Supreme Court, Queens County (Kassoff, J.), entered June 1, 1984, which denied his motion for summary judgment dismissing the action as against him as time barred.

Order reversed, on the law, with costs, motion for summary judgment dismissing the action as against appellant Freed granted, action dismissed as against him, and action against the remaining defendants severed.

Defendant Glassman, the primary physician for plaintiffs' decedent, Samuel Evra, had Evra admitted to defendant Hillcrest General Hospital (Hillcrest) in November 1977. Glassman requested several chest X rays be taken of Evra. Defendant Freed, the radiologist, an employee of Hillcrest, allegedly failed to diagnose a lung carcinoma that allegedly appeared on the X rays, and the cancer was discovered over two years later. Plaintiffs commenced this action in February 1981, naming, *inter alia,* Hillcrest, Glassman and Freed as defendants.

The action is time barred as against Freed (CPLR 214-a), since it was commenced more than two and a half years after Freed's only involvement. An exception could have been made if Glassman's subsequent treatment (deemed to be continuous for purposes of this motion) was imputable to Freed (*McDermott v Torre,* 56 NY2d 399; *Borgia v City of New York,* 12 NY2d 151). Glassman's treatment could be so imputed only if plaintiffs showed that there was a relevant relationship between Freed and Glassman, such as principal-agent or employer-employee or a continuing relationship between Freed and the patient (*McDermott v Torre, supra,* p 403; *Watkins v Fromm,* 108 AD2d 233).

No such link is present in this case. Nor can plaintiffs show even an indirect relationship between Freed and Glassman through their connections with Hillcrest. Glassman was an independent doctor affiliated with but not employed by Hillcrest. This is insufficient to impute Glassman's conduct to Hillcrest (*Ruane v Niagara Falls Mem. Med. Center,* 60 NY2d 908). Furthermore, while Freed was employed by Hillcrest, this employment ceased in July 1978, or more than two and a half years prior to commencement of this action. The policies underlying the continuous treatment doctrine ceased to apply to Freed after that time (*see, McDermott v Torre, supra,* p 408).

Accordingly, the action should be dismissed as against Freed. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.