■ ANTOINETTE V. MODZELEWSKI et al., Respondents, v KINGSBROOK JEWISH MEDICAL CENTER et al., Appellants.—In a medical malpractice action, the defendants Kingsbrook Jewish Medical Center and Masazumi Adachi and the defendant Alcides C. Pomina separately appeal from an order of the Supreme Court, Kings County (Monteleone, J.), dated December 3, 1984, which denied their respective motions for summary judgment dismissing the plaintiffs' complaint on the ground that it is barred by the Statute of Limitations.

Order modified, on the law, by deleting the provision thereof denying the motion of the defendants Kingsbrook Jewish Medical Center and Adachi, substituting therefor a provision granting that motion, dismissing the action as against those defendants, and severing the action as against the defendant Pomina. As so modified order affirmed, without costs or disbursements.

The defendant Pomina, a neurosurgeon, performed spinal surgery on the plaintiff Antoinette Modzelewski in September 1977 at the defendant Kingsbrook Jewish Medical Center (hereinafter Kingsbrook) and was her attending physician throughout her stay there. During the surgery the defendant Adachi, a neuropathologist and employee of Kingsbrook, diagnosed a tissue sample taken from Mrs. Modzelewski as being malignant. Thus aggressive radiation treatments followed the surgery. Mrs. Modzelewski was discharged on December 10, 1977, with her neurological condition deteriorating. Dr. Pomina was subsequently contacted on May 5, 1978, by Mr. Modzelewski in regard to his wife's reaction to medication that Pomina had prescribed and he then ordered a reduction in that medication. Dr. Pomina subsequently saw Mrs. Modzelewski in July 1979, January 1980, and September 1980, at another hospital that he was affiliated with where Mrs. Modzelewski had been admitted for abdominal pains and burning sensations in her arms, legs and back. During those visits Dr. Pomina, *inter alia,* examined Mrs. Modzelewski, prescribed medication and ordered a C.T. Scan, requesting that the results be sent to him. Mrs. Modzelewski's condition had, in the interim, deteriorated to quadriplegia. In 1980, the slides of

Mrs. Modzelewski's tissue sample which had been interpreted initially by Dr. Adachi, were examined by other pathologists and interpreted as showing that the tumor had been benign. In 1981 Mrs. Modzelewski was diagnosed as having a disease of the spinal cord due to radiation.

The plaintiffs commenced this action on or about November 12, 1981, naming Dr. Pomina, Dr. Adachi and Kingsbrook as the defendants. After discovery, the defendants separately moved for summary judgment dismissing the complaint on the ground that it was time barred by the Statute of Limitations (CPLR 214-a). Special Term's denial of their motions is the subject of these appeals.

An action to recover damages for medical malpractice must be commenced within two years and six months of the act, omission or failure complained of, or of the last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the act, omission or failure in question (CPLR 214-a). In this case the action was commenced more than 2½ years after Mrs. Modzelewski's surgery. The plaintiffs contend that the action was timely commenced based upon the theory of the continuous treatment of Mrs. Modzelewski by the defendant Dr. Pomina and its imputation to Dr. Adachi and Kingsbrook (see, McDermott v Torre, 56 NY2d 399). Questions of fact exist as to whether the contacts between Dr. Pomina and Mrs. Modzelewski are within the scope of the continuous treatment doctrine enunciated in McDermott (supra), precluding summary judgment as to the defendant Dr. Pomina (see, Gudmundson v Axelrod, 57 NY2d 930).

As to the defendants Dr. Adachi and Kingsbrook, no continued or continuing relationship (see, Swartz v Karlan, 107 AD2d 801, 803; Manno v Levi, 94 AD2d 556, 563, affd 62 NY2d 888) or agency, or other relevant relationship (see, McDermott v Torre, supra; Evra v Hillcrest Gen. Hosp., 111 AD2d 740) between Dr. Pomina, the primary physician, and Dr. Adachi and Kingsbrook, the misdiagnosing defendants, was shown, that would warrant imputing continuous treatment by Dr. Pomina to Dr. Adachi and Kingsbrook. Neither was there any continuing relationship between Mrs. Modzelewski and Dr. Adachi and Kingsbrook following Mrs. Modzelewski's discharge on December 10, 1977 (see, McDermott v Torre, supra, p 403). The plaintiffs cannot show even an indirect relationship between Dr. Adachi and Dr. Pomina through their connections with Kingsbrook. Dr. Pomina was an independent doctor affiliated with, but not employed by,

Kingsbrook. This is insufficient to impute Dr. Pomina's conduct to Kingsbrook *(Ruane v Niagara Falls Mem. Med. Center,* 60 NY2d 908; *Evra v Hillcrest Gen. Hosp., supra).* Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.