■ BARBARA DAMSKER, Also Known as BARBARA BASIA, Individually and as Administratrix of the Estate of JEROLD R. DAMSKER, Deceased, Respondent, v ARNOLD L. BERGER et al., Appellants.—In an action to recover damages, *inter alia,* for medical malpractice, the defendant Raymond Saperstein appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated March 20, 1985, as denied those branches of a motion brought by him and his codefendant Berger which were for partial summary judgment dismissing the first, third and fourth causes of action as against him as time barred, and the defendant Berger appeals from so much of the same order as denied those branches of the motion which were for partial summary judgment dismissing the first, third, and fourth causes of action as against him.

Appeal by the defendant Berger dismissed as abandoned.

Order reversed, insofar as appealed from by the defendant Saperstein, on the law, and those branches of the motion which were for partial summary judgment dismissing the first, third, and fourth causes of action as to him granted.

The defendant Saperstein is awarded one bill of costs payable by the plaintiff.

The plaintiff's decedent was treated by the defendant Arnold L. Berger between March 3, 1980 and February 8, 1982, and possibly as late as the early spring 1983. Dr. Berger twice sent his patient to Dr. Raymond Saperstein for interpretation of radiological tests on March 5, 1980 and on February 16, 1982. The patient died in July 1983 and the plaintiff commenced this action against, *inter alia,* Dr. Saperstein in October 1984.

Special Term held that questions of fact existed as to whether Dr. Berger relied on Dr. Saperstein's test results beyond February 16, 1982. It ruled that this precluded granting partial summary judgment to Dr. Saperstein even though his final contact with this patient was on February 16, 1982. However, recent decisions of this court and the Court of Appeals have made clear that such reliance by the treating doctor on a diagnosing defendant's test results is insufficient, in and of itself, to prolong the Statute of Limitations against the latter. At a minimum, a continuing relationship, such as principal-agent, employer-employee, or partnership between the treating doctor and the diagnosing defendant and the patient must be shown *(McDermott v Torre,* 56 NY2d 399, 403, 408; *Modzelewski v Kingsbrook Jewish Med. Center,* 120 AD2d 498; *Evra v Hillcrest Gen. Hosp.,* 111 AD2d 740; *see,* McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Pocket Part, CPLR 214-a, p 258). The record does not reveal the possibility of any such relationship here.

Accordingly, and since the defendant Saperstein was served with a summons more than 2½ years after his last involvement, the first, third and fourth causes of action should have been dismissed against him. (The second cause of action to recover damages for wrongful death only accrued in July 1983 and dismissal thereof is not sought on this appeal *[see,* EPTL 5-4.1].) Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.