■ MARLENE A. BEDEAU, Appellant, v LAWRENCE A. SANTI, Respondent. [633 NYS2d 533] —In an action to recover damages for podiatric malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Kramer, J.), dated April 2, 1993, which denied her motion to enjoin the defendant from disposing of any of his property, (2) from an order of the same court (Scholnick, J.), dated November 1, 1993, which

granted the defendant's cross motion for summary judgment dismissing the complaint as time-barred and denied the plaintiff's motion for disclosure, and (3) as limited by her brief, from so much of an order of the same court (Scholnick, J.), dated January 10, 1994, as, upon granting renewal and reargument, adhered to the original determination in the order dated November 1, 1993.

Ordered that the appeal from the order dated November 1, 1993, is dismissed, as that order was superseded by the order dated January 10, 1994, made upon renewal and reargument; and it is further,

Ordered that the order dated January 10, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated April 2, 1993, is dismissed as academic, in light of our determination on the appeal from the order dated January 10, 1994; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff commenced the instant action to recover damages for podiatric malpractice in March 1993. In her complaint, she contended that she was under the defendant's care from July 1986 until April 1989. Accordingly, this action is barred by the Statute of Limitations of two years and six months for causes of action sounding in podiatric malpractice (see, CPLR 214-a). The plaintiff fails to allege facts in her complaint or in her affidavits which would make out a cause of action sounding in fraud or breach of contract (see, *Rizk v Cohen*, 73 NY2d 98, 105; *Concha v Local 1115 Empls. Union Welfare Trust Fund*, 216 AD2d 348).

The plaintiff's contention that the Statute of Limitations was tolled by the continuous treatment doctrine by virtue of treatment by an orthopedic surgeon to whom the plaintiff was referred by the defendant, is without merit (see, *Meath v Mishrick*, 68 NY2d 992; *Swartz v Karlan*, 107 AD2d 801). Further, the plaintiff failed to show, prima facie, that the Statute of Limitations was tolled pursuant to CPLR 208 because she was "under a disability because of * * * insanity". That toll only applied if the plaintiff was suffering from "an over-all inability to function in society" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548-549). In this case, the plaintiff's own psychiatric expert, while claiming that the plaintiff suffered from depression, acknowledged that the plaintiff "is fully alert and well oriented", "with no evidence of disordered thinking", and with judgment "within the normal range". Further, the plaintiff's conduct indicated she did not suffer such a disability

*(see, Matter of McBride v County of Westchester,* 211 AD2d 792). In 1987 and 1988, the plaintiff pursued her Workers' Compensation claim. She pursued various medical treatments for her knee condition, and, in 1993, when she allegedly learned from a television program that podiatrists cannot treat knees, she called several lawyers before she found one who would take her case.

The plaintiff's remaining contentions are without merit or academic. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.