■ MIKE ELLIOTT et al., Appellants, v NEW YORK HOSPITAL et al., Respondents, et al., Defendant. [714 NYS2d 691] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Bellard, J.), entered September 14, 1999, which, upon

an order of the same court dated June 3, 1999, granting that branch of the motion of the defendants Richard A. R. Fraser and New York Hospital which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred, is in favor of the defendants and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with one bill of costs.

The defendant Dr. Richard A. R. Fraser, a neurosurgeon, admitted the plaintiff Mike Elliott to the defendant New York Hospital (hereinafter the Hospital) in July 1991. Dr. Fraser requested a neurological examination of Mr. Elliott. The defendant Dr. John Andrew Schaefer, a neurologist, conducted the examination and recommended surgery which Dr. Fraser performed on July 18, 1991. Both Fraser and Schaefer are employees of Cornell University (hereinafter Cornell) and are affiliated with the Hospital. Elliott was discharged on July 25, 1991, and thereafter all follow-up care was rendered by Dr. Schaefer. The plaintiffs commenced this action on January 31, 1994, naming the Hospital, Dr. Fraser, and Dr. Schaefer as defendants.

An action to recover damages for medical malpractice must be commenced within two years and six months of the act, omission, or failure complained of, or of the date of the last treatment where there is continuous treatment for the same illness, injury, or condition which gave rise to the act, omission, or failure in question (see, CPLR 214-a). In this case, the action was commenced more than two years and six months after Elliott's discharge. The plaintiffs contend that the action was timely commenced based upon the continuous treatment doctrine, as Dr. Schaefer's treatment of Elliott should be imputed to Dr. Fraser and the Hospital (see, McDermott v Torre, 56 NY2d 399). The Supreme Court granted the motion of the defendants Dr. Fraser and the Hospital for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

The plaintiff failed to raise an issue of fact as to whether there existed any continuing relationship or agency, or other relevant relationship (see, McDermott v Torre, supra; Evra v Hillcrest Gen. Hosp., 111 AD2d 740) between Dr. Schaefer, the treating physician, and the respondents that would warrant imputing Elliott's treatment by Dr. Schaefer to them (see, Meath v Mishrick, 68 NY2d 992). Accordingly, the complaint insofar as asserted against the respondents was properly dismissed as time-barred. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.