■ JAMES TEER, Respondent, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., Defendant, and IBRAHIM HITTI, Appellant. [755 NYS2d 430] —In an action, inter alia, to recover damages for medical malpractice, the defendant Ibrahim Hitti appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 1, 2001, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant as barred by the statute of limitations is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff's decedent, Kathleen Teer, was examined by a physician's assistant at the defendant Queens-Long Island Medical Group, P.C. (hereinafter the Medical Group) on February 5, 1996, at which time a pap smear was performed. The specimen was sent to nonparty Shared Services Laboratories (hereinafter Shared Services) which, at the time, was located

in LaGuardia Hospital and provided services to that hospital, Syosset Hospital, and to the Medical Group. The defendant Dr. Ibrahim Hitti, a pathologist employed by LaGuardia Hospital, interpreted the decedent's specimen. The laboratory report, which described the specimen as "unsatisfactory," was forwarded to the Medical Group. When a pap smear was performed on the decedent the next year, the laboratory report indicated cervical cancer. The decedent died of cervical cancer in 1998.

The plaintiff, James Teer, the decedent's husband, timely commenced this action in 1998 to recover damages for medical malpractice and wrongful death against the Medical Group. He alleged, inter alia, that the Medical Group negligently failed to inform the decedent of the 1996 laboratory report and to advise her to repeat the pap smear, which caused her cancer to remain untreated for a year. In 2001 the plaintiff served an amended summons and complaint naming Dr. Hitti as a defendant. The Supreme Court denied Dr. Hitti's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The Supreme Court concluded that the Medical Group and Dr. Hitti were united in interest and, based on the relation-back doctrine, deemed the complaint timely served on Dr. Hitti.

Dr. Hitti met his burden on the motion by establishing that the statute of limitations had expired prior to commencement of the action against him (see CPLR 214-a, 210 [a]; EPTL 5-4.1). The burden therefore shifted to the plaintiff to present sufficient evidence to show that the relation-back doctrine applied (see Austin v Interfaith Med. Ctr., 264 AD2d 702 [1999]; CPLR 203 [c]).

The relation-back doctrine requires, inter alia, proof that the new party is united in interest with the original defendant (see Buran v Coupal, 87 NY2d 173 [1995]). Contrary to the Supreme Court, we conclude that the evidence fails to establish that the Medical Group and Dr. Hitti were united in interest. Interests will be united only where one party is vicariously liable for the acts of the other (see Mondello v New York Blood Ctr.-Greater N.Y. Blood Program, 80 NY2d 219 [1992]; Desiderio v Rubin, 234 AD2d 581 [1996]; Connell v Hayden, 83 AD2d 30 [1981]). Since Dr. Hitti was an employee of LaGuardia Hospital, there was no employment relationship with the Medical Group on which to base a finding of vicarious liability (see generally Hill v St. Clare's Hosp., 67 NY2d 72 [1986]). There is no merit to the plaintiff's contention that Shared Services and the Medical Group were a joint venture merely because there was evidence

that LaGuardia Hospital and the Medical Group were both affiliated with the Health Insurance Plan of Greater New York (hereinafter HIP) and served HIP patients (*see Cox v Kingsboro Med. Group,* 214 AD2d 150 [1995], *affd* 88 NY2d 904 [1996]).

Vicarious liability may be based on proof of an agency relationship (*see Kavanaugh v Nussbaum,* 71 NY2d 535 [1988]; *Hill v St. Clare's Hosp., supra*); however, here, there was no proof that the Medical Group exercised any control over the manner in which Shared Services and Dr. Hitti performed the laboratory work. Generally, a laboratory, as an independent contractor, does not act as an agent for a physician (*see McDermott v Torre,* 56 NY2d 399, 408 [1982]; *Yanello v Radiological Health Serv.,* 110 AD2d 834 [1985]). Furthermore, the evidence does not support a finding of vicarious liability based on the principle of apparent or ostensible agency (*see Hill v St. Clare's Hosp., supra*). There was no contact between Dr. Hitti and the decedent, or evidence that the Medical Group exercised control over Dr. Hitti's work, such that the decedent would reasonably believe that the Medical Group performed laboratory services (*cf. Schiavone v Victory Mem. Hosp.,* 292 AD2d 365 [2002]; *Abraham v Dulit,* 255 AD2d 345 [1998]).

As the plaintiff failed to establish that Dr. Hitti and the Medical Group were united in interest, the relation-back doctrine does not apply, and the complaint insofar as asserted against Dr. Hitti is time-barred. In view of our determination, we need not reach the parties' remaining contentions. Feuerstein, J.P., Smith, Schmidt and Cozier, JJ., concur.