■ NANCY HARRIS, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL AT SYOSSET, Defendant, and DOUGLAS CARRAS, Appellant. [792 NYS2d 148]—

In an action to recover damages for medical malpractice, the defendant Douglas Carras, sued herein as "John Doe," appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated August 11, 2004, which denied his motion to dismiss the action insofar as asserted against him, and granted the plaintiff's cross motion to amend the caption to include his true name.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion to dismiss the complaint insofar as asserted against the appellant, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with costs to the defendant Douglas Carras, and the action against the remaining defendant is severed.

On July 19, 2001, the plaintiff was admitted to the North Shore University Hospital at Syosset for gall bladder removal surgery. More than $2^1/2$ years after the surgery, the plaintiff commenced this action against the hospital and anesthesiologist Douglas Carras, sued herein as "John Doe," contending that Dr. Carras injured her vocal cords while administering anesthesia. Dr. Carras thereafter moved to dismiss the complaint insofar as asserted against him upon the ground, inter alia, that it was time-barred. In opposition, the plaintiff contended that the continuous treatment doctrine tolled the statute of limitations during the period of time after surgery that she remained under the care of the physician who had performed the operation. The Supreme Court found that the continuous treatment doctrine was applicable, and denied Dr. Carras's motion to dismiss. The court additionally granted a cross motion by the plaintiff to amend the caption to include Dr. Carras's true name.

The Supreme Court properly granted the plaintiff's cross motion to amend the caption to include Dr. Carras's true name, since she demonstrated that she made genuine and timely efforts to ascertain his identity before suing him under a fictitious name (*see Luckern v Lyonsdale Energy Ltd. Partnership,* 229 AD2d 249 [1997]; *cf. Scoma v Doe,* 2 AD3d 432 [2003]; *Fountain v Ocean View II Assoc.,* 266 AD2d 339 [1999]).

However, in order to impute one physician's treatment of a patient to another physician for purposes of the continuous treatment doctrine, there must be evidence of "an agency or other relevant relationship" between the two physicians (*Meath v Mishrick,* 68 NY2d 992, 994 [1986]; *McDermott v Torre,* 56 NY2d 399 [1982]; *see also Conway v Nassau County Med. Ctr.,*

298 AD2d 423 [2002]; *Elliott v New York Hosp.*, 276 AD2d 521 [2000]; *Pierre-Louis v Ching-Yuan Hwa*, 182 AD2d 55 [1992]). Here, in support of his motion, Dr. Carras submitted evidence establishing that he and the plaintiff's surgeon were private attending physicians with different medical specialties, who had no association or affiliation with each other. In the absence of evidence of any relevant relationship between the two physicians, the follow-up care the plaintiff's surgeon provided after the operation cannot be imputed to Dr. Carras (*see Clair v St. James Mercy Hosp.*, 298 AD2d 943 [2002]; *Elliott v New York Hosp., supra; Pierre-Louis v Ching-Yuan Hwa, supra; Evra v Hillcrest Gen. Hosp.*, 111 AD2d 740 [1985]). Since this action was commenced more than 2½ years after Dr. Carras's sole contact with the plaintiff, it must be dismissed insofar as asserted against him as time-barred. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur. [*See* 5 Misc 3d 1007(A), 2004 NY Slip Op 51229(U) (2004).]