■ Tara Kaufmann, Respondent, v Robert Fulop et al., Defendants, and Valeria Asimenios et al., Appellants. [849 NYS2d 615]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, (1) the defendant Cesar Seguritan appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated October 17, 2006, as denied his motion pursuant to CPLR 3211 (a) (5) and CPLR 214-a to dismiss as time-barred so much of the complaint insofar as asserted against him as was based upon alleged acts of medical malpractice occurring before June 2001 and (2) the defendant Valeria Asimenios separately appeals, as limited by her brief, from so much of the same order as denied that branch of her motion, made jointly with the defendant Robert Fulop, which was pursuant to CPLR 3211 (a) (5) and CPLR 3212 to dismiss as time-barred so much of the complaint insofar as asserted against her as was based upon alleged acts of medical malpractice occurring before February 28, 2000.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion of the defendant Cesar Seguritan pursuant to CPLR 3211 (a) (5) and CPLR 214-a to dismiss as time-barred so much of the complaint insofar as asserted against him as was based upon alleged acts of medical malpractice occurring before June 2001 is granted, and that branch of the joint motion of the defendants Valeria Asimenios and Robert Fulop which was pursuant to CPLR 3211 (a) (5) and CPLR 3212 to dismiss so much of the complaint insofar as asserted against the defendant Valeria Asimenios as was based upon alleged acts of medical malpractice occurring before February 28, 2000, is granted.

The Supreme Court erred in denying that branch of the joint motion of the defendants Valeria Asimenios and Robert Fulop which was pursuant to CPLR 3211 (a) (5) and CPLR 3212 to dismiss as time-barred so much of the complaint insofar as asserted against the defendant Valeria Asimenios as was based upon alleged acts of medical malpractice occurring before February 28, 2000. Asimenios established her prima facie entitlement to judgment as a matter of law by demonstrating that the action insofar as asserted against her was commenced after the expiration of the applicable statute of limitations with respect to those claims (see *Waring v Kingston Diagnostic Radiology Ctr.,* 13 AD3d 1024, 1025 [2004]). In response to that showing, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether the doctrine of continuous treatment tolled the statute of limitations for those claims (see *Cox v Kingsboro Med. Group,* 88 NY2d 904, 906 [1996]).

"For the continuous treatment doctrine to apply, further treatment must be explicitly anticipated by both the physician and patient, as demonstrated by a regularly-scheduled appointment for the near future, which was agreed upon at the last visit and conforms to the periodic appointments relating to the treatment in the immediate past" (*Monello v Sottile, Megna,* 281 AD2d 463, 464 [2001]; *see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296 [1998]). Further, the plaintiff must establish that a course of treatment was established concerning the condition which gave rise to the action (*see Young v New York City Health & Hosps. Corp.,* 91 NY2d at 296). Here, the plaintiff failed to demonstrate that, after a follow-up chest X-ray was taken on January 24, 2000 a future visit related to any lung-related complaints was planned.

The Supreme Court also erred in denying the motion of the defendant Cesar Seguritan pursuant to CPLR 3211 (a) (5) and CPLR 214-a to dismiss as time-barred so much of the complaint insofar as asserted against him as was based upon alleged acts of medical malpractice occurring before June 2001 on the ground that the continuous treatment doctrine tolled the statute of limitations for those acts. In general, the continuous treatment doctrine does not apply to a diagnostician, such as a radiologist, who renders discrete, intermittent medical services, unless the diagnostician has a continuing or other relevant relationship with the patient or acts as an agent for the physician or " 'otherwise acts in relevant association' " with the physician (*Elkin v Goodman,* 24 AD3d 717, 718 [2005], quoting *McDermott v Torre,* 56 NY2d 399, 408 [1982]; *see Brocco v Westchester Radiological Assoc.,* 175 AD2d 903, 904 [1991]; *Noack v Symenow,* 132 AD2d 965, 966 [1987]; *Damsker v Berger,* 123 AD2d 343, 344 [1986]). The continuous treatment doctrine may also apply where "periodic diagnostic examinations are prescribed as part of ongoing care for a plaintiff's existing condition that are explicitly anticipated by physician and patient alike" (*Elkin v Goodman,* 285 AD2d 484, 486 [2001]; *see Waring v Kingston Diagnostic Radiology Ctr.,* 13 AD3d at 1026).

Here, the record does not reflect that either Seguritan or the plaintiff's decedent in any way contemplated that, after the January 24, 2000 chest X-ray, further chest X-rays would be taken on a periodic basis. Moreover, the record contains no evidence that there was a relevant association between Seguritan and Fulop's group practice for purposes of the doctrine of continuous treatment (*see McDermott v Torre,* 56 NY2d at 408; *Teer v Queens-Long Is. Med. Group,* 303 AD2d 488, 490 [2003]; *Solomonik v Elahi,* 282 AD2d 734, 736 [2001]; *Yanello v Radiological Health Serv.,* 110 AD2d 834, 834-835 [1985]).

Accordingly, to the extent causes of action were asserted against Seguritan based on alleged acts of medical malpractice occurring before June 2001 and against Asimenios, based on alleged acts of medical malpractice occurring before February 28, 2000, they should have been dismissed. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.