*501 In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Central Brooklyn Medical Group, Mark Lee, and Julieta V Tang appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered November 2, 2007, as denied that branch of the motion of the defendants Mark Lee and Julieta V Tang which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the appeal by the defendant Central Brooklyn Medical Group is dismissed, as it is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
Ordered that the order is reversed insofar as appealed from by the defendants Mark Lee and Julieta V Tang, on the law, and that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
Ordered that one bill of costs is awarded to the defendants Mark Lee and Julieta V Tang.
The Supreme Court erred in denying that branch of the motion of the defendants Mark Lee and Julieta V Tang which was for summary judgment dismissing the complaint insofar as asserted against them. Both Lee and Tang established their prima facie entitlement to judgment as a matter of law by demonstrating, through deposition testimony and the submission of the decedent’s medical records, that the action insofar as asserted against them was commenced after the expiration of the applicable statute of limitations (see CPLR 214-a; Kaufmann v Fulop, 47 AD3d 682 [2008]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether the doctrine of continuous treatment tolled the statute of limitations for those claims (see Kaufmann v Fulop, 47 AD3d 682 [2008]; DiGiaro v Agrawal, 41 AD3d 764, 766 [2007]).
“For the continuous treatment doctrine to apply, further treatment must be explicitly anticipated by both the physician and patient, as demonstrated by a regularly-scheduled appointment for the near future, which was agreed upon at the last visit and conforms to the periodic appointments relating to the treatment in the immediate past” (Monello v Sottile, Megna, 281 AD2d 463, 464 [2001]; see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]; McDermott v Torre, 56 NY2d 399, 405 [1982]). Here, the plaintiff failed to demonstrate that future visits were anticipated after Lee or Tang referred the decedent to specialists (see Young v New York City Health & Hosps. Corp., 91 NY2d at 296; Elrington v Staub, 29 AD3d 939 *502 [2006]). Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur. .