■ MILAGROS QUIROZ, Respondent, v ANTONIO BEITIA et al., Defendants, WYCKOFF HEIGHTS MEDICAL CENTER, Defendant and Third-Party Plaintiff-Respondent, and WYCKOFF IMAGING SERVICES, P.C., Appellant. CLYDE GREGOIRE, Third-Party Defendant-Appellant. [893 NYS2d 70]—

In September 2003 the plaintiff underwent a mammography at the defendant Wyckoff Heights Medical Center (hereinafter Medical Center), which was interpreted by the defendant Antonio Beitia (hereinafter Dr. Beitia). In October 2003 the plaintiff had radiograph films taken at the Medical Center of her pelvic area after complaining of pain. Dr. Rafael Loscos interpreted the films and found them to be normal. On December 10, 2004 the plaintiff underwent an MRI at the Bellevue Hospital Center, which revealed that she had a large tumor in her pelvic area. Additionally, in December 2005 a biopsy was performed on the plaintiff at the Bellevue Hospital Center, which revealed that she had breast cancer.

On or about March 17, 2006 the plaintiff commenced the instant action against, among others, the Medical Center and Dr. Beitia, alleging, inter alia, that they negligently failed to diagnose and treat the plaintiff's pelvic tumor and breast cancer.

Thereafter, a deposition was conducted of Dr. Beitia on June 15, 2007. Dr. Beitia testified that he and Dr. Loscos were employed by the defendant Wyckoff Imaging Services, P.C. (hereinafter Wyckoff Imaging), while working at the Medical Center.

On or about July 20, 2007 the plaintiff moved for leave to amend her complaint to add Wyckoff Imaging as a defendant. In an order dated January 17, 2008 the Supreme Court granted the plaintiff's motion, and the plaintiff served an amended complaint on Wyckoff Imaging on or about March 18, 2008. The Medical Center then asserted a cross claim for contractual indemnification against Wyckoff Imaging, and commenced a third-party action against Clyde Gregoire, as executor of the estate of Rafael Loscos (hereinafter the estate). Wyckoff Imaging brought three separate motions, which were (1), in effect, for summary judgment dismissing the amended complaint insofar as asserted against it as time-barred, (2) pursuant to CPLR 3126 to dismiss the cross claim asserted against it by the Medical Center, and (3) to sever the action insofar as asserted against it. The Medical Center cross-moved for summary judgment on its cross claim for contractual indemnification against Wyckoff Imaging. Additionally, the estate moved to sever the third-party action from the main action. The Supreme Court denied Wyckoff's motions and the estate's motion, and granted the Medical Center's cross motion.

The Supreme Court properly denied Wyckoff Imaging's mo-

tion, in effect, for summary judgment dismissing the amended complaint insofar as asserted against it as time-barred. Wyckoff Imaging established that the amended complaint was filed after the expiration of the 2½-year statute of limitations applicable to a cause of action to recover damages for medical malpractice (*see* CPLR 214-a; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982 [2009]; *Teer v Queens-Long Is. Med. Group*, 303 AD2d 488, 489 [2003]). The burden then shifted to the plaintiff to present evidence sufficient to establish that the relation-back doctrine applied (*see Cardamone v Ricotta*, 47 AD3d 659, 660 [2008]; *Nani v Gould*, 39 AD3d 508, 509 [2007]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]).

In order for a claim asserted against a new defendant to relate back to the date a claim was asserted against another defendant, the plaintiff must establish that "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Schiavone v Victory Mem. Hosp.*, 292 AD2d 365, 366 [2002] [internal quotation marks and citation omitted]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Alvarado v Beth Israel Med. Ctr.*, 60 AD3d 981, 982 [2009]).

Here, the relevant claims clearly arose out of the same conduct, transaction, or occurrence.

Contrary to Wyckoff Imaging's contention, the doctrine of the law of the case did not prevent the plaintiff from arguing, in opposition to its motion, that Wyckoff Imaging was united in interest with the Medical Center for purposes of the applicability of the relation-back doctrine, since the Supreme Court never determined this issue at an earlier stage of the proceeding (*see D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]).

Wyckoff Imaging also contends that the plaintiff failed to establish that it was united in interest with the Medical Center. "Interests will be united only where one party is vicariously liable for the acts of the other" (*Teer v Queens-Long Is. Med. Group*, 303 AD2d at 489). Wyckoff Imaging and the Medical Center are vicariously liable for the negligence of each other by virtue of their contractual relationship that created a joint venture (*see Tilden of N.J. v Regency Leasing Sys.*, 230 AD2d

784, 785-786 [1996]; *Connell v Hayden*, 83 AD2d 30, 54-55 [1981]). Furthermore, Wyckoff Imaging is required to indemnify the Medical Center for the wrongful acts or omissions of Wyckoff Imaging's physicians pursuant to the indemnification clause contained in the agreement between Wyckoff Imaging and the Medical Center. Therefore, Wyckoff Imaging and the Medical Center are united in interest (*see Austin v Interfaith Med. Ctr.*, 264 AD2d at 704).

With respect to the third prong of the relation-back doctrine, the plaintiff established that Wyckoff Imaging would have had notice of the pending action due to its relationship with the Medical Center and its obligation to defend and indemnify the Medical Center with respect to the plaintiff's claims concerning the negligence of Wyckoff Imaging's physicians (*id.* at 704; *see Yaniv v Taub*, 256 AD2d 273 [1998]).

Wyckoff Imaging's motion to dismiss the Medical Center's cross claim based upon the Medical Center's failure to respond to Wyckoff Imaging's discovery demands was properly denied. Wyckoff Imaging failed to provide an affirmation of a good-faith effort to resolve any discovery disputes as required by 22 NYCRR 202.7 (*see Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d 784 [2008]; *Barnes v NYNEX, Inc.*, 274 AD2d 368 [2000]). In any event, Wyckoff Imaging failed to establish that any alleged failure by the Medical Center to comply with its discovery demands was the result of willful or contumacious conduct (*see Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954-955 [2009]; *Diel v Rosenfeld*, 12 AD3d 558 [2004]; *Dennis v City of New York*, 304 AD2d 611, 613 [2003]; *Ploski v Riverwood Owners Corp.*, 284 AD2d 316 [2001]).

The Supreme Court properly exercised its discretion in denying Wyckoff Imaging's motion to sever the action insofar asserted against it and the estate's motion to sever the third-party action from the main action. "The determination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance" (*Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]). In this case, there are common factual and legal issues involved and the interests of judicial economy and consistency will be served by having a single trial (*see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]; *Ingoglia v Leshaj*, 1 AD3d 482, 485 [2003]), and Wyckoff Imaging and the Estate both failed to establish that a single trial would result in prejudice to a

substantial right (*see Mothersil v Town Sports Intl.*, 24 AD3d 424, 425 [2005]).

However, the Supreme Court erred in granting the Medical Center's cross motion for summary judgment on its cross claim for contractual indemnification. In determining the right of a party to contractual indemnification, the court will look at the "specific language of the contract" (*Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005] [internal quotation marks omitted]). Here, the indemnification provision requires Wyckoff Imaging to indemnify the Medical Center for claims arising out of the wrongful acts or omissions of Wyckoff Imaging's physicians. Since it has not been determined whether the plaintiff's injury was caused by any wrongful act or omission of Dr. Losco, an award of summary judgment here would be premature (*see D'Angelo v Builders Group*, 45 AD3d 522, 524-525 [2007]; *Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 613 [2005]; *Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d at 463; *cf. Brookhaven Mem. Hosp. Med. Ctr. v County of Suffolk*, 155 AD2d 404 [1989]).

Wyckoff Imaging's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Hall, JJ., concur.