■ TITO CINTRON, Respondent, v JERRY H. LYNN, D.D.S., et al., Defendants, and YELENA SIMKHAYEVA, Appellant. [762 NYS2d 355] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered December 20, 2002, which denied defendant Dr. Simkhayeva's cross motion to dismiss the complaint against her as time-barred, unanimously reversed, on the law, without costs or disbursements, and the cross motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against her.

In May 1995 plaintiff visited defendant Toothsavers Dental Care for restorative dental bridgework. Over the course of a three-year period between May 1995 and June 1998, a course of treatment was undertaken, ranging from the taking of X rays and the making of temporary crowns to the insertion of bridgework, by several dental practitioners employed at Toothsavers, including Dr. Simkhayeva. As a result of this dental work, which plaintiff claims deviated from accepted dental practice, he experienced pain and suffered from infections. Plaintiff commenced a dental malpractice action against Toothsavers and Dr. Jerry Lynn, asserting causes of action for negligence and lack of informed consent, and alleged that "on or about December 17, 1997" he was under the care of defendants whose negligence caused his injuries. In addition, in his bill of particulars, plaintiff added that the course of negligent treatment occurred between "July 1997" and "December 17, 1997."

At his deposition, Dr. Lynn, after reviewing Toothsavers' records relating to plaintiff's treatment, testified that when plaintiff first visited Toothsavers he was examined by Dr. Trumpatori, at which time several teeth were extracted and a temporary bridge made. Plaintiff did not return to Toothsavers until January 1997 at which time the bridgework continued, lasting until June 1998. Dr. Lynn noted that on three of these visits, January 25, 1997, April 19, 1997 and June 19, 1997, Dr. Simkhayeva treated plaintiff. Plaintiff then sought leave to amend the complaint to add several of the treating dentists, including Trumpatori and Simkhayeva, as defendants. The

IAS court granted plaintiff's motion on October 26, 2001 and, on November 8, 2001, Simkhayeva was served with the supplemental summons and complaint. A motion to enter a default judgment, which was opposed, prompted Simkhayeva's cross motion to dismiss the complaint as time-barred. Simkhayeva argued that since plaintiff asserted claims that arose on December 17, 1997 and the complaint was not filed against her until November 2000, the action was commenced well beyond the 2½-year statute of limitations.

In opposition, plaintiff argued that the action against Simkhayeva was not time-barred since he had timely commenced the action against Toothsavers and Lynn and inasmuch as Simkhayeva was one of the plaintiff's treating dentists she was united in interest with Toothsavers under CPLR 203 (b), which allows a claim to relate back to the date on which the claim was interposed against the originally named defendant if the subsequently served defendant is united in interest with the defendant originally named (*see Schiavone v Victory Mem. Hosp.,* 292 AD2d 365 [2002]). Dr. Simkhayeva replied that the relation-back doctrine was inapplicable because plaintiff alleged in the complaint that the negligent treatment was provided on December 17, 1997 and Toothsavers' records showed that she last treated plaintiff in July 1997. Thus, Simkhayeva argued, since she did not treat plaintiff on December 17, 1997, the claim against her did not arise out of the same transaction or occurrence as was alleged against the timely served defendants. In further support of her argument against applying the unity of interest doctrine, Dr. Simkhayeva argued that since she did not provide treatment on December 17, 1997, Toothsavers could not have been vicariously liable for her actions. In denying the cross motion, the IAS court noted that the original complaint did not assert that the malpractice occurred on December 17, 1997, but rather "on or about" that date, that it asserted that "defendants," not merely Dr. Lynn, were negligent and that two of the causes of action, other than the negligence cause of action, may have been premised upon acts which occurred other than on December 17, 1997. We reverse.

Once a defendant has shown that the statute of limitations has run, the plaintiff bears the burden of demonstrating the applicability of the relation-back doctrine (*Spaulding v Mt. Vernon Hosp.,* 283 AD2d 634 [2001]). There are three conditions that must be satisfied for a claim asserted against a defendant subsequently sought to be joined to relate back to claims asserted against another defendant: (1) both claims

must arise out of the same conduct, occurrence or transaction; (2) the new party must be "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the lawsuit that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well (*Mondello v New York Blood Ctr.*, 80 NY2d 219, 226 [1992]; *Schiavone*, 292 AD2d at 366).

Simkhayeva's cross motion to dismiss the complaint as against her should have been granted because, although plaintiff may have satisfied the first two prongs of the test determining the applicability of the relation-back doctrine, he failed to establish the third prong. As the record shows, Simkhayeva neither knew nor should she have known that, but for plaintiff's mistake in identifying the proper parties, she would have been named as a party in the lawsuit. The Court of Appeals has noted that "the 'linchpin' of the relation back doctrine [is] notice to the defendant within the applicable limitations period [citation omitted]" (*Buran v Coupal*, 87 NY2d 173, 180 [1995]). While the action against Toothsavers and Lynn was commenced in June 2000, within the 2½-year statute of limitations applicable to dental malpractice claims (CPLR 214-a), Simkhayeva had no knowledge of the action. Her employment with Toothsavers terminated in May 1998; there is not a suggestion that she was even aware that plaintiff was dissatisfied with the treatment he received at Toothsavers, much less that he had commenced a malpractice action relating to his treatment there. Moreover, as plaintiff concedes, the complaint was inartfully drafted, alleging that the alleged negligent treatment occurred "[o]n or about December 17, 1997," a date on which, even had Simkhayeva the opportunity to review the complaint, she would have known that she had not provided treatment to plaintiff. Thus, she could not know nor should she have known that the complaint should have been brought against her as well (*see Williams v Majewski*, 291 AD2d 816 [2002]). Since plaintiff failed to establish all the elements of the relation-back test, the action as against Simkhayeva should have been dismissed as untimely. Concur— Buckley, P.J., Sullivan, Rosenberger, Wallach* and Friedman, JJ.