■ ROBERT S. GOLDBERG, Appellant, v BOATMAX://, INC., et al., Respondents. [840 NYS2d 570]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered October 6, 2006, which granted plaintiff's motion insofar as it sought reargument, and, upon reargument, adhered to the prior order, same court and Justice, entered April 25, 2006, which denied plaintiff leave to amend the caption to reflect the true names of those persons originally designated as "John Doe," unanimously affirmed, without costs. Appeal from the April 25, 2006 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Plaintiff did not prior to the running of the statutory period serve three of the four individuals he contends were properly designated as "John Doe," with copies of the summons and complaint, so jurisdiction was never obtained over those individuals. CPLR 1024 does not avail plaintiff as he now seeks to amend the caption to name the intended defendants, since he has not demonstrated that he conducted a diligent inquiry into the actual identities of the intended defendants before the expiration of the statutory period (*see Tucker v Lorieo*, 291 AD2d 261 [2002]). The summons and complaint served on one of the intended defendants did not satisfy CPLR 1024 since its allegations did not fairly apprise that individual that he was their target (*see Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481, 482 [1992]).

Also unavailing is plaintiff's reliance on the relation-back doctrine. While the claims against the intended defendants arise out of the same transaction as the claims against the corporate defendant, and the intended defendants are united in interest with that defendant, plaintiff knew the identities of the intended defendants and their role in the alleged wrongful disposition of property nearly one year before he sought to add them to the action, and, accordingly, his failure to name them earlier cannot be characterized as a mistake for relation-back purposes (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]). Furthermore, the description in the summons and complaint of the intended defendants as persons in possession of plaintiff's boat, when, by the time the action was commenced, the boat had been out of defendant's possession for nearly two years, was insufficient to place the intended defendants on notice that they were targets of plaintiff's claims (*see Cintron v Lynn*, 306 AD2d 118 [2003]). Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.