■ ANGELICA LOPEZ et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [914 NYS2d 128]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered May 7, 2010, which denied plaintiffs' motion for leave to amend their bill of particulars except as to the worsening of the injury to the L5/S1 disc, and order, same court and Justice, entered on or about July 1, 2010, which, to the extent

appealed from as limited by the briefs, denied plaintiffs' motion to correct certain facts set forth in the May 7, 2010 order, unanimously affirmed, without costs.

Plaintiffs' motion to amend their bill of particulars was brought nearly six years after the note of issue was filed and eight years after the action was commenced, and thus was unreasonably late (*see e.g. Keene v Columbia-Presbyterian Med. Ctr.*, 214 AD2d 430 [1995]). Further, the motion was made only one month before trial (*see e.g. Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271, 272 [1999]). Plaintiffs' excuse for the delay, that the injured plaintiff's treating neurosurgeon only connected the hydrocephalus to the accident in 2010 after reviewing certain recent records, was also unreasonable, since the neurosurgeon was aware of the car accident and the existence of hydrocephalus by 2007 at the latest (*see Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc.*, 4 AD3d 290, 293 [2004]). Because of the change in counsel, plaintiffs' current counsel was granted an extension of time to update discovery and to find an expert for trial. However, as the motion court stated, this leeway was not meant to permit plaintiffs to "recast" the case.

The proposed amendments would severely prejudice defendants (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [2007]). Plaintiffs' theory of the case has changed so drastically that defendants would not be prepared to present a defense at trial. Specifically, neither the original bill of particulars nor the first amended bill of particulars mentioned hydrocephalus or the exacerbation thereof. In addition, plaintiffs' expert notice had disclosed that their theory of the case was that the injured plaintiff's cognitive deficits were attributable to the accident and were not related to his subsequent hydrocephalus.

Finally, the proposed amendments lack merit because they are speculative. The treating neurosurgeon was uncertain whether the inflammatory process he described could have preceded the car accident. In addition, no expert affidavits were provided to establish the merit of the proposed amendments as to the knee and back injuries or to show that the amendments were merely "amplifications" of the previously pleaded injuries (*see e.g. Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412 [1997]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.