■ EFREN MERALLA, Respondent, v STEPHEN M. GOLDENBERG, Respondent, and PHILIP L. WEINSTEIN et al., Appellants. STEPHEN M. GOLDENBERG, Third-Party Plaintiff-Respondent, v PHILIP L. WEINSTEIN et al., Third-Party Defendants-Appellants. [934 NYS2d 125]—

Plaintiff seeks to recover for successive acts of legal malpractice allegedly committed by defendant Goldenberg, who represented him at a criminal trial at which he was convicted of murder in the second degree, and by the Legal Aid defendants, who delayed in successfully prosecuting the appeal of his conviction (*see People v Meralla*, 228 AD2d 160 [1996], *lv denied* 88 NY2d 989 [1996] [reversing plaintiff's conviction on the grounds of ineffective assistance of counsel]). Goldenberg seeks contribution from the Legal Aid defendants for the portion of plaintiff's imprisonment allegedly attributable to the delay in appealing the criminal conviction.

Plaintiff's claim against the Legal Aid defendants, brought more than 10 years after they secured the reversal of his criminal conviction, is time-barred. Plaintiff, who admitted being aware of the Legal Aid defendants' alleged delay in prosecuting the appeal as early as 1998, made no mistake in the identity of these defendants and cannot now rely on the relation-back doctrine to assert a claim against them (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]; *Goldberg v Boatmax://, Inc.*, 41 AD3d 255 [2007]).

Plaintiff also failed to state a cause of action against the Legal Aid defendants. It is well established that "[i]n order to sustain a claim for legal malpractice, a plaintiff must establish . . . that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). Here, the bare legal assertion that the Legal Aid defendants were negligent based on the delay in prosecuting the appeal of plaintiff's conviction is insufficient to state a cause of action for legal malpractice. The delay was clearly attributable to the preparation of the Legal Aid defendants' motion to vacate the judgment of conviction, which was complicated by, inter alia, the fact that two separate murder trials were at issue. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse, Freedman, JJ.