Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 27, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff’s cross motion to amend the complaint to add Officer William Phillips, Officer *555 Brian Pinnick and Captain Reginald Patterson as defendants, in place of the John Does, pursuant to the “relation-back” doctrine, unanimously reversed, on the law, without costs, and the cross motion denied. The Clerk is directed to enter judgment in favor of the individual defendants. Appeal from order, same court and Justice, entered December 19, 2014, which, to the extent appealed from as limited by the briefs, denied reargument of the order granting plaintiff’s cross motion to amend the complaint, unanimously dismissed, without costs, as taken from a nonappealable order.
The court improvidently granted plaintiff’s motion to amend to add the individual defendants, pursuant to the relation-back doctrine, after the statute of limitations expired. Plaintiff does not deny that he was aware of the proper identity of these defendants 4V2 months prior to the expiration of the statute of limitations. He nevertheless waited another two years to move to amend the complaint, after he had filed a note of issue. Under these circumstances, there was no “mistake” by plaintiff as to the proper identity of the parties, within the meaning of the relation-back doctrine, and these defendants had every reason to believe that plaintiff had no intent to sue them and that the matter had been laid to rest as far as they were concerned (see Buran v Coupal, 87 NY2d 173, 181 [1995]; Garcia v New York-Presbyt. Hosp., 114 AD3d 615 [1st Dept 2014]; Soto v Bronx-Lebanon Hosp. Ctr., 93 AD3d 481 [1st Dept 2012]; Meralla v Goldenberg, 89 AD3d 645, 646 [1st Dept 2011]; Goldberg v Boatmax:/ /, Inc., 41 AD3d 255, 256 [1st Dept 2007]).
Concur — Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.