■ KIRK DAVIS, Respondent, v LAUREN ELIZABETH SANSEVERINO et al., Appellants. [43 NYS3d 317]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered June 4, 2015, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

This personal injury action stems from a motor vehicle accident in which plaintiff's car was struck by defendants' car as defendants' car was backing out of a driveway. Lauren Sanseverino previously commenced a timely action in Queens County against Davis, who served an answer in which he asserted an affirmative defense of comparative negligence. That action has been settled. After the applicable three-year statute

of limitations had elapsed (CPLR 214 [5]), Davis commenced this action against the Sanseverinos.

Plaintiff's attempt to rely on the relation back doctrine to render this independent action timely is improper, since he is not seeking to amend a pleading in a timely-commenced action (*see* CPLR 203 [f]; *Buran v Coupal*, 87 NY2d 173, 177-178 [1995]). Plaintiff would have the instant complaint relate back to the date of Lauren's complaint filed *against* him in a *prior* action or, alternatively, to the date of the answer filed by him in that prior action, which did not itself assert any counterclaims. Plaintiff cites no authority supporting such an expansion of the relation back doctrine.

Even if the relation back doctrine did apply, relation back would not be proper because his delay in bringing suit was not due to any "mistake" with respect to defendants' identities, which were known to plaintiff at all relevant times (*see Royce v DIG EH Hotels, LLC*, 139 AD3d 567, 569 [1st Dept 2016]; *Crawford v City of New York*, 129 AD3d 554 [1st Dept 2015]; *Meralla v Goldenberg*, 89 AD3d 645 [1st Dept 2011]). Concur— Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.