Burbano v New York City (2019 NY Slip Op 03937)





Burbano v New York City


2019 NY Slip Op 03937


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9384N 304877/13

[*1] Roberto Burbano, Plaintiff-Respondent,
v
New York City, etc., et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for appellants.
Peterson Delle Cave LLP, New York (Malcolm Anderson of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 11, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to amend the complaint to substitute a named party in place of defendant Correction Officer Jane Doe, unanimously reversed, on the law, without costs, and the motion denied.
In this action alleging a claim of deliberate indifference under the Eighth Amendment and 42 USC § 1983, plaintiff did not serve the Jane Doe correction officer defendant before the statute of limitations ran. Although the claims against the intended defendant arise out of the same transaction as the claims alleged in the complaint, plaintiff cannot rely on the relation-back doctrine. The correction officer and defendant City are not "united in interest" because "the City cannot be held vicariously liable for its employees' violations of 42 USC § 1983" (Higgins v City of New York, 144 AD3d 511, 513 [1st Dept 2016]). Nor can plaintiff's more than two-year delay in seeking to add the new defendant as a party after learning her identity be characterized as a mistake for relation-back purposes (see Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]; see also Diaz v City of New York, 160 AD3d 457 [1st Dept 2018]).
Plaintiff's reliance on CPLR 1024 is unavailing, as he does not demonstrate diligence in seeking to identify the unknown correction officer prior to the expiration of the statute of limitations (see Goldberg at 256; Tucker v Lorieo, 291 AD2d 261, 261-262 [1st Dept 2002]; Holmes v City of New York, 132 AD3d 952, 954 [2d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK