Tower Natl. Ins. Co. v Lugo (2021 NY Slip Op 06334)





Tower Natl. Ins. Co. v Lugo


2021 NY Slip Op 06334


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 160305/18 Appeal No. 14613-14613A Case No. 2020-02527 2020-04390 

[*1]Tower National Insurance Company, as Subrogee of OneWorld Wireless Inc., Also Known as Verizon, Subrogor, Plaintiff-Respondent-Appellant,
v
Joseph A. Lugo, et al., Defendants-Appellants-Respondents, Keith Kancar, et al., Defendants.


Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for appellants-respondents.
Marschhausen & Fitzpatrick, P.C., Hicksville (Kevin P. Fitzpatrick of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 6, 2020, which, insofar as appealed from, granted the motion of defendants Joseph A. Lugo and Michael Larson (defendants) for leave to amend their answer to assert affirmative defenses and denied their motion for renewal of their summary judgment motion, unanimously modified, on the law, to grant the motion for renewal, and, upon renewal, to grant the motion for summary judgment dismissing the complaint as against them, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 22, 2020, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint as against them, unanimously dismissed, without costs, as academic.
The motion court providently exercised its discretion in granting defendants leave to amend their answer to assert res judicata and collateral estoppel as affirmative defenses, based on the preclusive effect of an order entered in a prior action dismissing the negligence claim brought against defendant Lugo by plaintiff's subrogor, OneWorld Wireless, Inc (the OneWorld action) (see CPLR 3025[b]; Lopez v City of New York, 80 AD3d 432, 433 [1st Dept 2011]; Alcala v Soundview Health Ctr., 77 AD3d 591, 591 [1st Dept 2010]). As the motion court held, those defenses have clear merit. The issue of defendants' liability in negligence, as owners of the apartment above OneWorld's premises, for water damage to OneWorld's downstairs unit, is the same issue presented in this case (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]). Factoring in the privity between plaintiff and OneWorld, on the one hand, and Lugo and co-owner Larson on the other, the parties are likewise identical (see Nationwide Mut. Ins. Co. v U.S. Underwriters Ins. Co., 151 AD3d 504, 505 [1st Dept 2017]; Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 7 [1st Dept 2000]).
However, the motion court improvidently exercised its discretion to deny defendants' motion for renewal of their prior motion for summary judgment, based on the new fact of the amendment. We accordingly exercise our own discretion to grant renewal (see Brady v Ottaway Newspapers, Inc., 63 NY2d 1031, 1032 [1984]; Mann v Cooper Tire Co., 33 AD3d 24, 28-29 [1st Dept 2006], lv denied 7 NY3d 718 [2006]), and, upon renewal, we grant defendants' motion for summary judgment based on the preclusive effect of the order in the OneWorld action.
We have considered plaintiff's contentions on its cross appeal and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021