Benitez v Patel (2022 NY Slip Op 02616)

Benitez v Patel

2022 NY Slip Op 02616

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 22818/15E Appeal No. 15773 Case No. 2021-03920 

[*1]Robert Benitez, Plaintiff-Respondent,
v
Jalu Patel, D.P.M., et al., Defendants, Praveen Kumrah, D.P.M., et al., Defendants-Appellants.

Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for appellants.
Robert A. Hyams, New York (Marc Gertler of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about March 26, 2021, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Praveen Kumrah, D.P.M. (Dr. Kumrah) for summary judgment dismissing the complaint as against him and granted plaintiff's motion for leave to amend the complaint to add Praveen Kumrah Podiatry, P.C. (PKP) as a defendant, unanimously reversed, on the law, without costs, Dr. Kumrah's motion granted, and plaintiff's motion denied.
There is no basis to hold defendant Dr. Kumrah liable for plaintiff's injuries. No party disputes that plaintiff never met Dr. Kumrah or received treatment from him directly. The record also shows that Dr. Kumrah was not involved in plaintiff's treatment behind the scenes and did not control or direct Dr. Patel's patient care in general (see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549, 551-552 [2d Dept 2018]). Even if PKP, as Dr. Patel's employer, could be held vicariously liable for Dr. Patel's conduct, vicarious liability would not justify personal liability for Dr. Kumrah even though he was PKP's sole shareholder, as the record contains no facts to support piercing the corporate veil (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]; see generally Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]).
In addition, plaintiff should not have been permitted to amend the complaint to add PKP as a defendant because the malpractice claim was no longer timely and could not properly relate back to the filing of the original complaint. This is not a case where the party sought to be added as a defendant knew or should have known that, but for a mistake by plaintiff, the action would have been brought against it as well (see generally Buran v Coupal, 87 NY2d 173, 178-181 [1995]). On the contrary, PKP was identified on the medical paperwork plaintiff received and signed, and knowing the identity of the proper party indicates the absence of a mistake (see Crawford v City of New York 129 AD3d 554, 555 [1st Dept 2015]). Even if, as he claims, plaintiff did not learn PKP's identity until Dr. Kumrah's deposition in September 2018, plaintiff is still foreclosed from amending his complaint because he failed to offer any excuse for waiting until a year and a half later — after he filed a note of issue and Dr. Kumrah moved for summary
judgment — to try and join PKP (see Burbano v New York City, 172 AD3d 575, 576 [1st Dept 2019]; Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022