Kingstone Ins. Co. v Marion Pharm. Inc. (2024 NY Slip Op 00805)

Kingstone Ins. Co. v Marion Pharm. Inc.

2024 NY Slip Op 00805

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 805682/21 Appeal No. 1668-1669 Case No. 2023-00955 2023-02234 

[*1]Kingstone Insurance Company as Subrogee of Los Tres Hermanos Laundromat, Inc., Plaintiff-Respondent,
v
Marion Pharmacy Inc. et al., Defendants, Marion Avenue Management LLC, Defendant-Appellant. 

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant.
The Law Office of Jason Tenenbaum P.C., Melville (Roman Kravchenko of counsel), for respondent.

Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered July 22, 2022, which, insofar as appealed from, denied the motion by defendant Marion Avenue Management LLC (Marion) to dismiss the amended complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and justice, entered April 5, 2023, which, insofar as appealable, granted plaintiff's motion to renew its motion to further amend the complaint to add a cause of action for breach of contract against Marion and, upon renewal, granted the motion to further amend the complaint, unanimously modified, on the law, to deny the motion to further amend the complaint only to the extent it seeks to assert a cause of action for negligence against Marion, and otherwise affirmed, without costs. Appeal from so much of the aforesaid order, entered April 5, 2023, as denied Marion's motion for reargument of its motion to dismiss, unanimously dismissed, without costs, as taken from a nonappealable paper and as academic.
Plaintiff insurer, as subrogee of its insured, seeks to recover for casualty damage sustained by the insured as the result of an April 24, 2018 fire that allegedly started on commercial premises owned by defendant Marion and leased to the other defendants. Although there is no dispute that the original action, filed on April 23, 2021, was commenced within the three-year statute of limitations for negligence claims seeking damages for injury to property (see CPLR 214[4]), it is plaintiff's burden to prove that the relation-back doctrine applied to the addition of defendant Marion after the expiration of that limitations period (see Cintron v Lynn, 306 AD2d 118, 119-120 [1st Dept 2003]).[FN1] There are three conditions that must be satisfied for a claim asserted against a subsequent defendant such as Marion to relate back to claims asserted against another defendant: (1) both claims must arise out of the same conduct, occurrence, or transaction; (2) the new party must be "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the lawsuit such that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well (id.).
The original amended complaint, which asserted against Marion only a negligence claim subject to a three-year statute of limitations (CPLR 214[4]), should have been dismissed as time-barred as against Marion upon Marion's initial motion. That motion should have been granted on the ground that plaintiff failed to establish that a unity of interest existed between Marion and the other defendants, against whom the action was timely commenced. So far as the record discloses, the only relationship between Marion and the other defendants is that of landlord [*2]and tenant, and this does not suffice to create a unity of interest for purposes of the relation-back doctrine (see Regina v Broadway-Bronx Motel Co., 23 AD3d 255, 255 [1st Dept 2005] [unity of interest did not exist between two parties where the record "fail(ed) to indicate that the two were related, except as landlord and tenant"]). In arguing that the requirement of a unity of interest is satisfied here, plaintiff relies exclusively on the landlord-tenant relationship between Marion and the other defendants. However, a landlord-tenant relationship, standing alone, does not give rise to vicarious liability or otherwise create unity of interest, which, as the Court of Appeals has recently reaffirmed, requires a situation in which the parties "stand or fall together and the judgment against one will similarly affect the other" (Nemeth v K-Tooling, 40 NY3d 405, 415 [2023] [quotation marks omitted]).[FN2] Accordingly, the original amended complaint should have been dismissed as against Marion as untimely.[FN3]
Although the negligence claim against Marion is time-barred, the cause of action for breach of contract against Marion, which plaintiff sought to add through its motion to further amend the complaint, was timely asserted within the six-year limitation period applicable to contractual claims (see CPLR 213[2]), which will not expire until April 2024. Accordingly, while we dismiss the negligence claim against Marion, we affirm the order entered April 5, 2023, insofar as it permits the further amendment of the complaint to assert a breach of contract claim against Marion. Supreme Court did not improvidently exercise its discretion in granting this motion (see BGG Partners, Inc. v Refco Sec., LLC, 96 AD3d 601, 602-603 [1st Dept 2012]). Leave to amend the complaint should be freely given (CPLR 3025[b]), unless the proposed amendment is "patently lacking in merit" (BGG Partners, 96 AD3d at 603). At this juncture, plaintiff's production of paragraph 9 of the lease agreement between Marion and plaintiff's insured, stating that, "Owner [i.e., Marion] shall maintain and repair the public portions of the building, both exterior and interior," together with the allegations of the original complaint, sufficiently state a claim for breach of contract.
Finally, at this pre-answer juncture of the litigation, until discovery is completed and the insurance policies at issue are produced, it is premature to resolve whether the policy that plaintiff issued to its insured provides for a waiver of subrogation or whether the present claim violates the antisubrogation rule.
THIS CONSTITUTES THE DECISION AND ORDER  OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: February 15, 2024

Footnotes

Footnote 1: The amended complaint first naming Marion as a defendant was filed in November 2021 and Marion was served with the supplemental summons and amended complaint in December 2021.

Footnote 2: Although the Court of Appeals held that unity of interest existed in Nemeth even in the absence of a relationship giving rise to vicarious liability, that holding came in the context of an article 78 proceeding challenging a zoning variance in which "a judgment vacating the use variance will have similar effect on all respondents" (40 NY3d at 415). Here, plaintiff does not suggest any basis for a finding of unity of interest between Marion and the other defendants other than vicarious liability, which, as noted, does not arise from a mere landlord-tenant relationship.

Footnote 3: Since the element of unity of interest is lacking, we need not consider whether the other two conditions for application of the relation back doctrine are satisfied.