Estrella v Uptown Health Care Mgt., Inc. (2025 NY Slip Op 00287)

Estrella v Uptown Health Care Mgt., Inc.

2025 NY Slip Op 00287

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Ind. No. 28030/18 Appeal No. 3543 Case No. 2024-01406 

[*1]Reinaldo Estrella, Plaintiff-Appellant,
v
Uptown Health Care Management, Inc., Doing Business as East Tremont Medical Center et al., Defendants-Respondents.

Law Office of Manuel D. Gomez, New York (Manuel D. Gomez of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach LLP, New York (Gregory I. Freedman of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Cappella, J.), entered on or about September 6, 2023, which granted the motion of defendants Uptown Health Care Management, Inc. and Dr. Guy Renvoize to strike the amended complaint as to claims against Dr. Renvoize, and denied plaintiff's cross-motion for leave to amend the complaint to add additional defendants and new causes of action, unanimously affirmed, without costs.
Plaintiff commenced the instant medical malpractice action arising from a perforation of his colon during a colonoscopy performed by Dr. Renvoize on July 18, 2014, at defendant Uptown's facility. In addition to Dr. Renvoize, Dr. Sherri Lovitt and Dr. Mark Jackson examined him on the same dates at the same facility for irritable bowel syndrome and recommended the colonoscopy treatment.
Previously, on September 2, 2022, the court granted defendants' motion to dismiss the complaint as against Dr. Renvoize for lack of personal jurisdiction, as he no longer worked for Uptown when served at its facility. On October 3, 2022, plaintiff filed an amended complaint which added claims against Dr. Renvoize that were essentially identical to those that had been dismissed. On November 11, 2022, Dr. Renvoize moved to strike the amended complaint to the extent it asserted claims against him, and, on January 11, 2023, plaintiff cross-moved to amend the complaint to add Drs. Lovitt and Jackson as defendants and additional claims against all three doctors and Uptown pursuant to CPLR 3025(b) and 203(c). On April 26, 2023, plaintiff filed an untimely opposition to the motion to strike with his reply papers.
As an initial matter, the court providently declined to consider plaintiff's untimely opposition to the motion to strike, as plaintiff never sought an extension of time nor otherwise attempted to show good cause for the delay (see CPLR 2214[b]). In any event, the court properly granted Dr. Renvoize's motion to strike the amended complaint as to the claims against him, as the court previously dismissed the complaint against him based on lack of personal jurisdiction (see CPLR 205[a]; see generally Sodhi v IAC/InterActive Corp., 216 AD3d 556, 557 [1st Dept 2023]).
The court providently denied plaintiff's motion to amend the complaint to add claims against Drs. Lovitt and Jackson because plaintiff failed to submit an expert affidavit of merit as to the two doctors' deviation from standard medical practice (see e.g. Lopez v City of New York, 80 AD3d 432, 433 [1st Dept 2011]; see generally Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 615 [1st Dept 2014]).
Moreover, plaintiff failed to demonstrate that his claims against Drs. Lovitt and Jackson relate back to claims interposed against defendant Uptown in the 2018 complaint (see CPLR 203[c]; Garcia, 114 AD3d at 615; Matter of Nemeth v K-Tooling, 40 NY3d 405, 407-408 [2023]). Plaintiff failed to show that the proposed defendants "should have known that, but for a mistake by plaintiff, the action [*2]would have been brought against [them] as well" (Benitez v Patel, 204 AD3d 529, 530 [1st Dept 2022]; see Cintron v Lynn, 306 AD2d 118, 120 [1st Dept 2003]). There is no evidence in the record that plaintiff expressed discontent to the two doctors about their recommendation for the colonoscopy. Moreover, Dr. Jackson left Uptown's employment in March 2015, over a year before a first action by plaintiff was filed in September 2016. Dr. Lovitt attested that, although she worked for Uptown until May 2019, her last contact with plaintiff was in May 2017. Under the circumstances, Dr. Lovitt could have concluded that plaintiff had no intent to sue her "at all and that the matter [had] been laid to rest as far as [s]he is concerned" (Buran v Coupal, 87 NY2d 173, 178, 181 [1995] [internal quotation marks omitted]), given that plaintiff continued to receive care from Dr. Lovitt three years after the July 2014 colonoscopy, eight months after the first action was filed in September 2016, and four months after the statute of limitations elapsed in January 2017.
The court properly denied leave to add claims of vicarious liability against defendant Uptown related to its employment of the three doctors, as plaintiff may not rejoin Dr. Renvoize to the action, and the claims against Drs. Lovitt and Jackson fail to relate back and are thus time-barred under CPLR 214-a. As to claims of direct liability against defendant Uptown, such proposed claims are subsumed in plaintiff's generalized
negligence claims already interposed against Uptown in the operative complaint.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025