Chapman v Tovar (2025 NY Slip Op 01059)

Chapman v Tovar

2025 NY Slip Op 01059

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 21457/13|Appeal No. 3899|Case No. 2024-01572|

[*1]Mettie Alicia Chapman, Plaintiff-Appellant,
v
Winifred S. Tovar, M.D., et al., Defendants-Respondents.

Asher & Associates, P.C., New York (Jennie Shatynski of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Dean L. Pillarella of counsel), for Winifred S. Tovar, M.D. and St. Barnabas OB/GYN, P.C., respondents.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for St. Barnabas Hospital, respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about December 5, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to amend the bill of particulars, unanimously affirmed, without costs.
Initially, we decline to dismiss the appeal for plaintiff's failure to compile a complete record on appeal because all the relevant documents filed in the action are available on eCourts (see Ninth Space LLC v Goldman, 189 AD3d 686, 686 [1st Dept 2020]; Perez v New York City Hous. Auth., 47 AD3d 505, 505 [1st Dept 2008]).
Supreme Court providently exercised its discretion in denying plaintiff's motion to amend her bill of particulars. Contrary to plaintiff's contention, the proposed amended bill of particulars does not merely supplement her prior bills of particulars, but advances a new theory of liability, namely, that not only was her hysterectomy negligently performed, but it was not necessary in the first place (see Stovall v Lenox Hill Hosp., 200 AD3d 570, 571 [1st Dept 2021]). Defendants would be unduly prejudiced if plaintiff proceeded on this new theory after more than a decade since the action was commenced, after summary judgment motions have been decided, and on the eve of trial (see Perez v New York City Health & Hosps. Corp., 226 AD3d 602, 603 [1st Dept 2024]; Vega v Lenox Hill Hosp., 235 AD2d 302, 302 [1st Dept 1997]).
Although the court permitted plaintiff an extension of time after the note of issue had been filed to find a new expert because her original expert had passed away, this leeway was not meant to allow plaintiff to recast her case (see Lopez v City of New York, 80 AD3d 432, 433 [1st Dept 2011]). Plaintiff's contention that it was foreseeable that her new medical expert would have a differing opinion does not excuse the untimely amendment, as plaintiff had the medical records that should have apprised her of the claims (see Frye v Montefiore Med. Ctr., 100 AD3d 28, 39 [1st Dept 2012]). Given that the proposed amendment is prejudicial to defendants, Supreme Court providently declined plaintiff's alternative requested relief to amend pursuant to CPLR 3025(c) (see Gonfiantini v Zino, 184 AD2d 368, 369 [1st Dept 1992]).
To the extent plaintiff's proposed amended bill of particulars suggests otherwise, her informed consent claim and direct claims against defendant St. Barnabas Hospital were dismissed on summary judgment and cannot be reasserted through repleading (see Buckley & Co. v City of New York, 121 AD2d 933, 935 [1st Dept 1986], lv dismissed 69 NY2d 742 [1987]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025