Y.C. v Catholic Charities of Staten Is., Inc. (2025 NY Slip Op 01309)

Y.C. v Catholic Charities of Staten Is., Inc.

2025 NY Slip Op 01309

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 950077/21|Appeal No. 3829|Case No. 2023-02615|

[*1]Y.C., Plaintiff-Appellant,
v
Catholic Charities of Staten Island, Inc., Formally Known as Mission of the Immaculate Virgin, Defendant-Respondent, City of New York, et al., Defendants.

Herman Law, P.A., New York (Vanessa Neal of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (James R. Wise of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about April 14, 2023, which granted defendant Catholic Charities of Staten Island's motion to dismiss the complaint, unanimously affirmed, without costs.
It is undisputed that plaintiff served Catholic Charities of Staten Island (CCSI), formerly known as Mission of the Immaculate Virgin, with a summons and amended complaint after the expiration of the two-year window in which to file Child Victims Act claims.
Supreme Court properly granted CCSI's motion to dismiss the amended complaint as time-barred because the relation-back doctrine does not save the amended complaint, nor can plaintiff satisfy the jurisdictional requirements of CPLR 1024. Plaintiff cannot show that the City of New York, an original defendant, and CCSI were
united in interest (see Sew Wai Yong v City of New York, 41 AD3d 212, 213 [1st Dept 2007]). Plaintiff's contention that the City and CCSI were engaged in an agency relationship for purposes of plaintiff's foster care placement is not supported by evidence (see Brunero v City of N.Y. Dept. of Parks & Recreation, 121 AD3d 624, 626 [1st Dept 2014]; Falletta v Norman, 220 AD3d 1207, 1209-1210 [4th Dept 2023]). Furthermore, mere speculation is insufficient to establish unity of interest (see Regina v Broadway-Bronx Motel Co., 23 AD3d 255, 255 [1st Dept 2005]).
Even if the City and CCSI were both involved in plaintiff's placement, unity of interest would not necessarily follow because both entities have divergent interests in the litigation and may assert different defenses (see Connell v Hayden, 83 AD2d 30, 45 [2d Dept 1981]). Plaintiff also failed to show that CCSI would not be prejudiced by her delay in adding it to this lawsuit, as it is entitled to adequate notice of claims against it to prepare a defense and conduct its own investigation of this more than 50-year-old claim (see Brock v Bua, 83 AD2d 61, 64 [2d Dept 1981]).
Further, with diligence, plaintiff could have or should have known the identity of the intended defendant before she sought to add CCSI to the action, and her failure to name it earlier cannot be characterized as a mistake for relation-back purposes (see Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]). Moreover, the description in the initial complaint of the "Doe" defendants was insufficient to place CCSI on notice that it was a target of plaintiff's claims (see id.).
Plaintiff also did not satisfy the requirements of CPLR 1024 because she did not demonstrate that, other than speaking with her attorneys, she diligently sought to identify the unknown entity involved in her foster care placement before the statute of limitations expired (see Opiela v May Indus. Corp., 10 AD3d 340, 341 [1st Dept 2004]; Holmes v City of New York, 132 AD3d 952, 954 [2d Dept 2015]). Nor did plaintiff promptly seek disclosure from the City or nonparty The New York Foundling or follow up on her initial letter requests for disclosure (see Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 928 [2d Dept 2011]). Even when plaintiff first learned that New York Foundling was not involved in her foster care placement, she delayed an additional eight months to move to extend time to serve process on CCSI and to amend the complaint and the caption (see Brook v Peconic Bay Med. Ctr., 172 AD3d 468, 469 [1st Dept 2019]).
Lastly, the allegations in the original complaint, filed pseudonymously, were insufficient to fairly advise CCSI that it was the intended defendant of plaintiff's lawsuit (see Opiela, 10 AD3d at 341).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025