Knight v City of New York (2025 NY Slip Op 02550)

Knight v City of New York

2025 NY Slip Op 02550

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Index No. 802343/22|Appeal No. 4224|Case No. 2024-03930|

[*1]Tahje Knight, et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents.

Rickner PLLC, New York (Stephanie Panousieris of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 20, 2024, which, to the extent appealed from, denied plaintiffs' motion to permit plaintiffs Tahje Knight, Tyrek Williams, Madelyn Melendez, and Abrieonah Ledbetter to amend the caption to substitute named parties in place of the persons originally designated as "John/Jane Doe" defendants under CPLR 1024 and, alternatively, for leave to amend the complaint under CPLR 203(b), unanimously affirmed, without costs.
Plaintiffs allege that on November 14, 2020, they were victims of physical assault and false arrest by a group of New York Police Department officers. In February 2022, while still waiting for a response to a Freedom of Information Law request, plaintiffs commenced this action asserting various state and federal causes of action against defendant The City of New York and John/Jane Doe defendants, identified only as NYPD officers. By August 2022, plaintiffs had identified four officers. However, plaintiffs continued to attempt to identify the other officers through a discovery demand, without moving to compel discovery. Even though plaintiffs had the names of four officers, they did not move until January 2024 for leave to substitute the named defendants for the John/Jane Doe defendants or to amend the complaint. At that time, the statute of limitations had elapsed for plaintiffs Knight, Williams, Melendez, and Ledbetter, who, unlike the other plaintiffs, were not minors at the time of the November 2020 incident.
The court properly denied the application to the extent Knight, Williams, Melendez, and Ledbetter sought leave to amend under CPLR 1024 because plaintiffs did not demonstrate diligence in seeking to identify the proposed defendants prior to the expiration of the statute of limitations (see Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]; Tucker v Lorieo, 291 AD2d 261, 261-262 [1st Dept 2002]; Holmes v City of New York, 132 AD3d 952, 954 [2d Dept 2015]).
Leave to amend under CPLR 203 was also properly denied as to Knight, Williams, Melendez, and Ledbetter because their claims are time-barred, and they cannot rely on the relation-back doctrine. Although the new claims arise from the same transaction or occurrence as the original claims, the proposed defendants and the City are not "united in interest" because "the City cannot be held vicariously liable for its employees' violations of 42 USC § 1983" (Higgins v City of New York, 144 AD3d 511, 513 [1st Dept 2016]). Moreover, the proposed defendants have entirely different defenses as to the federal claims (id.). Additionally, plaintiffs cannot claim that they failed to name the proposed defendants because of any mistake. Nor did plaintiffs show that the proposed defendants knew or should have known that, but for a genuine mistake on plaintiffs' part, they would have been named as defendants, especially given the passage of time (see Crawford v City of New York, 129 AD3d 554, 555 [1st Dept 2015[*2]]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025