| **Patel v Mourad** |
|:---:|
| 2025 NY Slip Op 32174(U) |
| June 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161380/2019 |
| Judge: Christopher Chin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. CHRISTOPHER CHIN**     PART     **22**

*Justice*

---------------------------------------------------------------------X

SUJATA PATEL,

                 Plaintiff,

- v -

ABDELRAOUF A. MOURAD, VIA TRANSPORTATION, INC.

                 Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161380/2019 |
| MOTION DATE | 12/20/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43

were read on this motion to/for     AMEND CAPTION/PLEADINGS    .

Upon the foregoing documents, after oral argument, and in this court's discretion, it is

ORDERED that plaintiff's motion pursuant to CPLR §§ 1002 (b), 1003, 3025 (b) and 305 (c) for leave to amend the complaint and caption in the form of the proposed first amended verified complaint and amended summons to add Flatiron Transit LLC ("Flatiron") as a defendant is granted.

Leave to amend pleadings may be freely given, absent prejudice or surprise (*see* 3025 [b]; *Favourite Ltd v Cico*, 42 NY3d 250, 256 [2024]). Prejudice requires "some indication that the defendant has been hindered in the preparation of his or her case or has been prevented from taking some measure in support of his or her position" (*Kimso Apts, LLC v Gandhi*, 24 NY3d 403, 411 [2014]). The burden of establishing prejudice is on the party opposing the amendment (*id.*).

161380/2019  PATEL, SUJATA vs. MOURAD, ABDELRAOUF A.
Motion No. 001

Page 1 of 4

1 of 4

Moreover, under CPLR § 203 (c), under certain circumstances, the "relation back doctrine," allows a plaintiff to add a new party to an action after the expiration of the applicable statute of limitations (*see Buran v Coupal*, 87 NY2d 173 [1995]; *Cintron v Lynn*, 306 AD2d 118 [1ˢᵗ Dept 2003]). Specifically, the doctrine is applicable where:

> (1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action and that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, that the action would have been brought against him as well

(*Buran v Coupal*, 87 NY2d at 981).

Here, plaintiff has established the applicability of the relation-back doctrine and the proposed amendment to add Flatiron as a defendant by showing that: (1) the claims arise out of the same car accident; (2) it is undisputed that Flatiron is united in interest with defendant VIA Transportation Inc. ("VIA"), as Flatiron is a wholly owned subsidary of VIA; and (3) Flatiron knew or should have known that this action would have been brought against it given that it is alleged that the driver of the vehicle that was involved in the collision with plaintiff, defendant Abdelraouf A. Mourad, was working with VIA at the time of the accident, and Flatiron is the base that was affiliated with the Taxi and Limousine Commission. Moreover, Flatiron is routinely represented by the same law firm that represents defendant VIA, and the two parties often appear as co-defendants. In fact, the law firm representing defendant VIA has appeared and answered on behalf of Flatiron in other actions, as far back as 2017 (*see* NYSCEF Doc. No 35).

**161380/2019 PATEL, SUJATA vs. MOURAD, ABDELRAOUF A.**
**Motion No. 001**

**Page 2 of 4**

Moreover, notably, while defendants in opposition assert in a conclusory manner that the proposed amendment to add Flatiron as a defendant is "highly prejudicial" to the proposed and current defendants, defendants fail to articulate any *specific* prejudice they will suffer as a result of the amendment, other than to vaguely assert that discovery has already been completed in this action. However, the note of issue has not been filed.

Therefore, it is

ORDERED that plaintiff's motion to amend the complaint and caption in the form of the proposed first amended verified complaint and amended summons to add Flatiron Transit LLC as a defendant is granted; and it is further

ORDERED that the amended pleadings as annexed to the moving papers (NYSCEF Doc. No. 32) shall be deemed served and filed as to the current defendants, upon service of a copy of this order with notice of entry, via filing to NYSCEF; it is further

ORDERED that the current defendants shall serve amended answers, if appropriate, within 20 days of service as provided above; and it is further

ORDERED that within 20 days of entry of this order, plaintiff shall serve the amended pleadings, together with a copy of this order with notice of entry, upon the new defendant Flatiron; Defendant Flatiron shall serve and file its answer within 20 days thereof; and it is further

ORDERED that the caption of this action shall be amended to read as follows:

**161380/2019 PATEL, SUJATA vs. MOURAD, ABDELRAOUF A.**
**Motion No. 001**

Page 3 of 4

[* 3]

---------------------------------------------------------------X

SUJATA PATEL,

Plaintiff,

-against-

ABDELRAOUF A. MOURAD, VIA TRANSPORTATION, INC.,
and FLATIRON TRANSIT LLC,

Defendants.

---------------------------------------------------------------X

It is further

ORDERED that within 20 days of entry of this order, movant shall serve a copy of this

order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who

are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's

Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse*

*and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on

the court's website).

| 6/18/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **CHRISTOPHER CHIN, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

161380/2019  PATEL, SUJATA vs. MOURAD, ABDELRAOUF A.
Motion No. 001

Page 4 of 4