Pallero v Romero (2025 NY Slip Op 05577)

Pallero v Romero

2025 NY Slip Op 05577

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ.

Index No. 305093/15|Appeal No. 4897|Case No. 2024-04715|

[*1]Gloria Pallero, Plaintiff-Appellant,

v

Elio Romero, Defendant, Beech Terrace Partners, LLC, Defendant-Respondent.

Elefterakis, Elefterakis & Panek, New York (Gennaro Savastano of counsel), for appellant.

Smith Mazure, P.C, New York (Louise M. Cherkis of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about July 19, 2024, which granted defendant Beech Terrace Partners, LLC's motion to dismiss the complaint and denied plaintiff's cross-motion for leave to amend the complaint to add Farm Development, LLC as a defendant, unanimously affirmed, without costs.

The court properly concluded that Beech's motion was not premature because discovery was substantially complete when it made the motion. Plaintiff's assertion that defendant Romero's deposition was outstanding is unavailing, since after he appeared but refused to testify, she took no action to compel him to appear a second time. In any event, plaintiff cites no evidence that may be elicited through Romero's deposition or any other outstanding discovery in this action, which has been pending for almost 10 years. The mere hope that additional discovery will assist plaintiff in proving her case is an insufficient basis to defeat Beech's motion (see Singh v New York City Hous. Auth., 177 AD3d 475, 476 [1st Dept 2019]).

Beech demonstrated that it was not liable for the attack by presenting the testimony of the property manager, who stated that Beech was unaware of Romero's criminal history and that Romero did not display violent tendencies during the period of his employment, which plaintiff failed to controvert. An employer is not required to inquire into whether a prospective employee has a criminal record (see Yeboah v Snapple, Inc, 286 AD2d 204, 205 [1st Dept 2001]). This is so whether Romero is characterized as Beech's employee or as an independent contractor, since plaintiff presented no evidence that raised a triable issue of fact as to whether Beech was aware of any propensity of Romero's to commit violent acts (see Gupta v YM Pro Corp, 220 AD3d 442, 442 [1st Dept 2023]). Indeed, plaintiff testified that Romero never raised his voice or threatened her.

Plaintiff also failed to present evidence that Romero's attack was within the scope of his employment or in furtherance of Beech's business or interests (see White v Hampton Mgt. Co., L.L.C., 35 AD3d 243, 244 [1st Dept 2006]). Numerous parties testified that his assault on plaintiff was solely for personal reasons (see Rivera v New York City Hous. Auth., 239 AD2d 114, 115 [1st Dept 1997]). Further, plaintiff provided no evidence that the assault, which took place on a day when Romero was not working, was related in any way to Beech's business or interests. Plaintiff's claim that Beech negligently failed to provide security at the bodega where Romero stabbed plaintiff is unavailing, as a targeted attack does not give rise to liability on the part of a landlord (see Flynn v Esplanade Gardens, Inc., 76 AD3d 490, 494 [1st Dept 2010]).

Denial of plaintiff's cross-motion for leave to amend the complaint to add Farm Development, LLC as a defendant was proper in that the relation back doctrine was inapplicable. Plaintiff did not demonstrate that her failure to add Farm as a defendant before the statute of limitations expired was the result of a mistake (see Buran v Coupal, 87 NY2d 173, 177-178 [1995]). In fact, in June 2019, the property manager testified that Farm had an interest in the premises where plaintiff contends the assault occurred. Nonetheless, plaintiff still waited more than four years to seek to amend the complaint to assert a claim against Farm (see Davis v Sanseverino, 145 AD3d 519, 520 [1st Dept 2016]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 9, 2025