■ BANK OF NEW YORK, Respondent, v MELITO-BENDERNAGEL ASSOCIATES et al., Defendants, and SALVATORE I. MELITO, Appellant. [712 NYS2d 124] —In an action, *inter alia*, to recover damages for breach of a guarantee agreement, the defendant Salvatore I. Melito appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (De-Maro, J.), dated May 12, 1999, as denied that branch of his motion which was to vacate a judgment dated February 1, 1999, entered upon his default in appearing in the action on the ground of improper service.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether personal jurisdiction over the defendant Salvatore I. Melito was obtained, and thereafter for a new determination on that branch of the motion which was to vacate the judgment.

In his affidavit in support of that branch of the motion which was to vacate the judgment entered upon his default in appearing, the appellant stated that he was never served with the summons and complaint and that he first became aware of the action when a copy of the default judgment was mailed to him. Both the affidavit of service and the process server's affidavit in opposition of the motion indicated that the appellant Salvatore I. Melito had been served by "nail and mail" service. In view of the conflicting affidavits, a hearing is necessary to determine whether the appellant was served with the summons and complaint.

If service was not properly effected, then the judgment must be vacated unconditionally. Conversely, if the appellant was

properly served, that branch of the motion which was to vacate the judgment based upon improper service must be denied (*see, Campbell v Johnson,* 264 AD2d 461). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.