■ SAMUEL OAKLEY, Appellant, v COUNTY OF NASSAU, Respondent. [6 NYS3d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered May 15, 2014, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied.

On March 30, 2011, the plaintiff, who was in a wheelchair, allegedly sustained personal injuries when a bus in which he was traveling made a sharp turn, causing the wheelchair to fall. On or about June 22, 2011, the plaintiff served a notice of claim upon the defendant. On or about May 9, 2012, the plaintiff commenced this action against the defendant. On or about May 22, 2012, the defendant interposed its answer. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (10) to dismiss the complaint for failure to join a necessary party, and in an order dated September 12, 2013, the Supreme Court denied that branch of the motion. On March 3, 2014, the defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. In opposition to the motion, the plaintiff contended that the defendant's motion violated the single-motion rule of CPLR 3211 (e). The Supreme Court granted the defendant's motion, and the plaintiff appeals.

Contrary to the Supreme Court's determination, the defendant was barred by the single-motion rule from making a second

CPLR 3211 (a) motion (*see* CPLR 3211 [e]; *McLearn v Cowen & Co.*, 60 NY2d 686 [1983]; *Rich v Lefkovits*, 56 NY2d 276, 281 [1982]; *Bailey v Peerstate Equity Fund, L.P.*, 126 AD3d 738 [2d Dept 2015]; *Ramos v City of New York*, 51 AD3d 753 [2008]; *Ancrum v St. Barnabas Hosp.*, 301 AD2d 474, 475 [2003]). The purpose of the single-motion rule is not only to prevent delay before answer (*see Held v Kaufman*, 91 NY2d 425, 430 [1998]), but also to " 'protect the pleader from being harassed by repeated CPLR 3211 (a) motions' " (*Nassau Roofing & Sheet Metal Co. v Celotex Corp.*, 74 AD2d 679, 680 [1980] [internal quotation marks omitted]) and to conserve judicial resources. The defendant provided no reason for not including CPLR 3211 (a) (7) as an alternative basis for relief in its prior motion. Even though the defendant may not raise the defense of failure to state a cause of action in another CPLR 3211 (a) motion, "it may be later raised in another form," such as a summary judgment motion pursuant to CPLR 3212 (*McLearn v Cowen & Co.*, 60 NY2d at 689).

Accordingly, the Supreme Court should have denied the defendant's motion as barred by the single-motion rule. In light of our determination, we need not address the plaintiff's remaining contentions. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.