41st Rd. Props., LLC v Wang Real Prop., LLC (2018 NY Slip Op 05565)





41st Rd. Props., LLC v Wang Real Prop., LLC


2018 NY Slip Op 05565


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-09989
2016-12280
2017-04205
 (Index No. 704061/14)

[*1]41st Road Properties, LLC, respondent, 
v
Wang Real Property, LLC, et al., appellants, et al., defendants.


Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for appellants.
Aronauer & Yudell, LLP, New York, NY (Joseph Aronauer of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang appeal from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 21, 2016, (2) an order of the same court entered November 28, 2016, and (3) an order and judgment of foreclosure and sale (one paper) entered April 19, 2017. The order entered September 21, 2016, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order entered November 28, 2016, insofar as appealed from, denied those defendants' motion to remove the Referee. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the Referee's report and for a judgment of foreclosure and sale, denied those defendants' cross motion, inter alia, to disaffirm the Referee's report, and directed the foreclosure sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders should be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In February 2003, nonparties Chien Tsang Lin and Tsu Y. Wang (hereinafter together the borrowers) borrowed the sum of $496,000 from Emigrant Mortgage Company, Inc. The loan was memorialized by a note and secured by a mortgage on real property in Flushing. Thereafter, the mortgage was assigned, together with the note, to Emigrant Savings Bank (hereinafter Emigrant).
In January 2009, Emigrant commenced an action to foreclose the mortgage (hereinafter the prior action), alleging that the borrowers defaulted in making a payment due on July 1, 2008. In May 2014, the Supreme Court granted Emigrant's motion to discontinue the prior action. In the interim, title to the property was acquired by the defendant Wang Real Property, LLC, subject to the mortgage.
In June 2014, Emigrant commenced this action to foreclose the mortgage against, among others, Wang Real Property, LLC, Roug Kang Wang, and Stella Wang (hereinafter collectively the Wang defendants), and John Hon, Julie Hon, and John Hon, D.O., P.C., doing business as Elmhurst Avenue Medical Associates and doing business as Flushing Medical Associates (hereinafter collectively the Hon defendants). The Hon defendants held a judgment lien on the property, subordinate to Emigrant's mortgage, in the amount of approximately $2 million.
In lieu of answering the complaint, the Wang defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the grounds, inter alia, that the prior action was pending. Emigrant opposed the motion, and, in an order entered October 10, 2014, the Supreme Court denied the motion. Thereafter, the Wang defendants served an answer. Emigrant then moved, among other things, for summary judgment on the complaint insofar as asserted against the Wang defendants and for an order of reference, and the Wang defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered September 29, 2015, the court granted Emigrant's motion, denied the Wang defendants' cross motion, and referred the matter to a Referee to compute the amount due to Emigrant and to ascertain and report on whether the property could be sold in one parcel.
In the interim, the Hon defendants formed 41st Road Properties, LLC (hereinafter 41st Road), for the purpose of purchasing the note and mortgage, as well as Emigrant's rights in this litigation, from Emigrant. On June 4, 2015, Emigrant assigned the note, mortgage, and its rights in this litigation to 41st Road. In October 2015, 41st Road moved to be substituted as the plaintiff in place of Emigrant and to amend the caption accordingly. The Wang defendants opposed the motion and cross-moved for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them and to vacate the order entered September 29, 2015. While 41st Road's motion and the Wang defendants' cross motion were pending, in March 2016, the Wang defendants again moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the prior action was pending. In an order entered May 18, 2016, the Supreme Court granted 41st Road's substitution motion and denied the Wang defendants' cross motion for leave to renew and to vacate the order entered September 29, 2015 (see Emigrant Bank v Wang Real Prop., LLC, _____ AD3d _____ [decided herewith]). In an order entered September 21, 2016, the court denied the Wang defendants' second motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
Meanwhile, on August 10, 2016, after a hearing, the Referee issued a report finding that as of April 1, 2016, the sum of $964,265.76 was due under the note and mortgage. The Referee also determined that the property should be sold in one parcel. Thereafter, the Wang defendants moved to remove the Referee. In an order entered November 28, 2016, the Supreme Court denied that motion. 41st Road moved to confirm the Referee's report and for a judgment of foreclosure and sale. The Wang defendants opposed the motion and cross-moved, inter alia, to disaffirm the Referee's report. In an order entered November 30, 2016, the court granted 41st Road's motion and denied the Wang defendants' cross motion (see 41st Road Props., LLC v Wang Real Prop., LLC, _____ AD3d _____ [Appellate Division Docket No. 2016-12461; decided herewith]). On April 19, 2017, the court entered an order and judgment of foreclosure and sale granting 41st Road's motion to confirm the Referee's report and for a judgment of foreclosure and sale, denying the Wang defendants' cross motion, inter alia, to disaffirm the Referee's report, and directing the foreclosure sale of the property. The Wang defendants appeal.
Upon 41st Road's submission of proof that Emigrant had assigned it the mortgage and the note, the Supreme Court providently exercised its discretion in granting 41st Road's motion to be substituted as the plaintiff and to amend the caption accordingly (see CPLR 1018; Woori Am. [*2]Bank v Global Universal Group Ltd., 134 AD3d 699, 700; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 983; Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750, 751).
We agree with the Supreme Court's determination to deny the Wang defendants' cross motion for leave to renew their prior cross motion for summary judgment dismissing the complaint insofar as asserted against them and to vacate the order entered September 29, 2015. As relevant here, a motion for leave to renew must be based on "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e]). The new facts offered by the Wang defendants—that 41st Road and Emigrant were negotiating the sale and assignment of the note, mortgage, and Emigrant's litigation rights—would not have changed the prior determination denying their cross motion for summary judgment (see Bank of N.Y. Mellon v Garrett, 144 AD3d 621, 621). The Wang defendants failed to establish any proper ground under CPLR 5015(a) for vacating the order entered September 29, 2015, which, inter alia, granted Emigrant's motion, among other things, for summary judgment on the complaint insofar as asserted against them. Their conclusory allegations of fraud rested on mere speculation.
The Wang defendants' second motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that another action was pending was properly denied. As the Supreme Court observed, that motion violated the single-motion rule of CPLR 3211(e) (see Oakley v County of Nassau, 127 AD3d 946, 946-947).
We also agree with the Supreme Court's determination to grant 41st Road's motion to confirm the Referee's report and for a judgment of foreclosure and sale, and to deny the Wang defendants' cross motion, inter alia, to disaffirm the Referee's report. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Thomas v Thomas, 21 AD3d 949, 949). Here, the Referee's findings with regard to the amount due under the note and mortgage and whether the subject property could be sold in one parcel are supported by the record.
The Wang defendants' remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court