806 Seneca Ave. Assoc., LLC v King (2025 NY Slip Op 51587(U))

[*1]

806 Seneca Ave. Assoc., LLC v King

2025 NY Slip Op 51587(U)

Decided on October 7, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2025
Civil Court of the City of New York, Queens County

806 Seneca Avenue Associates, LLC, Petitioner,

against
Adrian King, Respondents-Tenants, JOHN DOE AND JANE DOE Respondent-Occupants.

Index No. 314308/2024 

For Petitioner Horing, Welikson Rosen & Digrugilliers, P.C. Firm
11 Hillside Avenue
Williston Park, New York 11596 
Respondent Adrian King, Pro Se

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion:
Seq 2 Motion, Supporting Papers, Memo and Exhibits (NYSCEF Doc. Nos. 19-22) 1
Cross Motion (Seq. 3), Supporting Papers and Exhibits (Doc. Nos. 30-36) 2
Respondent's Reply & Opposition, Supporting Papers and Exhibits
(Doc. Nos. 27-29, 38-45) 3
After oral argument held on September 16, 2025, the court makes the following decision and order:
RESPONDENT'S PRIOR MOTION TO VACATE DEFAULT
Before addressing the current motion [by respondent] and cross-motion [by petitioner], some background is appropriate, as is a review of the court's prior decision partially granting Adrian King's (respondent) prior motion.
The August 2024 petition seeks possession for the alleged non-payment of $40,858.64. It names Adrian King (King or respondent) as the tenant and John Doe and Jane Doe as occupants. (see NYSCEF Doc. No. 1). On or about March 24, 2025, petitioner obtained a default judgment and warrant as respondents had not answered. On March 25, 2025, King moved to vacate the judgment and warrant and to dismiss the proceeding on various grounds (see Doc. No. 7).
To vacate a default, a party must demonstrate both and excusable reason for a non-[*2]appearance and a potentially meritorious defense. (see Zirrith v Rego, 230 AD3d 626, 626 [2d Dept. 2024]; Bank of America, N.A. v Patino, 128 AD3d 994, 994 [2d Dept. 2015]; Eugene Di Lorenzo, Inc. v A. C. Dutton Lumber Co., 67 NY2d 138, 141 [1986]).
Respondent challenged service of the petition and notice of petition as his reason for not appearing.
A process server's affidavit is prima facie evidence of proper service. (see Rox Riv 83 Partners v Ettinger, 276 AD2d 782, 783 [2d Dept 2000]).
In his supporting papers, respondent alleges, "I was never personally served, nor was any copy affixed or mailed to me." (Doc. No. 7, Resp. Affirm., Par. 4). This is a textbook conclusory denial of service. (see e.g. 115 Essex St. LLC v Tenth Ward LLC, 227 AD3d 640 [2d Dept 2024]; see also Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859 [2d Dept 2019] (bare denial of receipt of mail does not require a traverse)).
Respondent further alleged that a service attempt [of the petition and notice of petition] was per-se improper because it occurred at 9:09 PM. There is no rule that service may not be done at this hour. Respondent did not cite to any case with such a holding and the court notes that the Civil Court's own website states that service is appropriate up to 10:00 PM.[FN1]

Respondent also alleged that the affidavit of service for the petition and notice of petition was filed late. This allegation also had no merit. The affidavit of service alleges mailings on October 5, 2024; it was filed on October 8, 2024. (see Doc. No. 3). This complies with the RPAPL 735(2) requirement that the affidavit be filed within three (3) days of mailing. In any event, in this Judicial Department, mere late filing of an affidavit of service does not deprive the court of jurisdiction and may even be disregarded by the court. (see Siedlecki v Doscher, 33 Misc 3d 18, 20 [App Term, 2d Dept 2011] ("As no prejudice was shown to have resulted from the belated filing of proof of service, the error should have been disregarded.")).
In short, respondent did not come forth with sworn, non-conclusory denials, alleging specific facts rebutting those stated in the affidavit of service for the petition and notice of petition. (see Tzifil Realty Corp v Temammee, 46 Misc 3d 144(A), 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Davis v Davis, 84 AD3d 1080, 1081 [2d Dept 2011]).
Where, as here, the improper service allegation is the sole reason offered for the non-appearance and it is found to be meritless, the motion to vacate the default must be denied. (see Bank of New York v Melito-Bendernagel Assocs., 274 AD2d 531, 531 [2d Dept 2000]; Ortiz v Santiago, 303 AD2d 1, 6 [1st Dept 2003]; Tech. Career Inst. v Clerveaux, 66 Misc 3d 152(A), 1 [App Term, 1st Dept 2020] ("Inasmuch as the only excuse offered is the meritless improper service argument, defendant has no excuse for the default and the motion to vacate should have been denied regardless of whether he has a meritorious defense.")).
Consequently, on May 28, 2025, respondent's prior motion was granted solely to the extent of staying execution of the warrant through June 30, 2025 for payment of $53,455.08 plus June rent. (see Doc. No. 11). Given the failure to properly raise a reasonable excuse for the non-appearance, the court did not vacate the default final judgment, and the court did not discuss any of respondent's alleged defenses. (see Timmerman v Gentile, 224 AD3d 862, 863 [2d Dept 2024]).

RESPONDENT'S CURRENT MOTION FOR A STAY PENDING APPEAL AND DISMISSAL
Respondent now makes a second motion. In this motion, respondent seeks both a stay pending appeal and dismissal. Respondent largely rehashes arguments made in his first motion. However, as respondent's first motion did not raise a reasonable excuse for his nonappearance, the court again has no cause to address the purported grounds for dismissal. The motion is denied to the extent it seeks dismissal. (see also Oakley v County of Nassau, 127 AD3d 946, 946-947 [2d Dept 2015] (single motion rule bars repeated motions to dismiss)).
Respondent also seeks a stay pending appeal. He requests that the court set an undertaking, pursuant to CPLR § 5519(a)(6). Respondent cites to AK Estates v 454 Central Corp. LLC. In AK Estates, the court set the undertaking at the amount owed to date and required ongoing use and occupancy paid. (see 32 Misc 3d 1233(A), 2-3 [Dist Ct, Nassau County 2011]; see also Bldg 89-41 164th St., LLC v JCM Invs., LLC, 2025 NY Slip Op 77379(U) [App Term, 2d Dept 2025]).
Petitioner does not address the undertaking request in its opposition papers. As such, that portion of the motion is granted on failure to oppose. (see e.g. Liberty Community Assoc., LP v DeClemente, 139 AD3d 532, 532 [1st Dept 2016]; Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695, 696 [2d Dept 2014]).
Consequently, the court will set an undertaking using the authority cited by the respondent. (see AK Estates, 32 Misc 3d 1233(A) at 2-3).[FN2]
Respondent shall pay by October 22, 2025, the sum of $51,738.07, (see Doc. No. 25), plus September and October use and occupancy at the current rate, less any payments not reflected in NYSCEF Doc. No. 25.[FN3]
Respondent does not dispute the arrears in any of his papers and does not allege that the amount reflected in the court's May 28, 2025 Order was incorrect.
Thereafter, use and occupancy shall be paid by the 10th day of each month until the stay is vacated.
Upon failure to make payment, the stay shall be automatically vacated, and the warrant of eviction shall execute after service of a marshal's notice.

PETITIONER'S CROSS-MOTION TO AMEND TO "JANE DOE'S" TRUE NAME
Respondent's motion reveals one critical fact—that he is not the only named tenant in the parties' lease. (see Doc. No. 19, pars. 3, 6). Respondent attaches a lease signed by himself and a Katlin D. Lopez (Lopez). (see Doc. No. 20).
In response, petitioner cross-moves to substitute Katlin Lopez in place of Jane Doe. Petitioner also requests an order voiding or reforming the leases running from 2022-2024 and 2024 to 2026. (see Doc. No. 30). Petitioner argues that Lopez, in essence, unilaterally made herself a rent-stabilized tenant.
Petitioner's entire application must be denied under the circumstances presented.
CPLR § 1024 allows the naming of an unknown party "by designating so much of his name and identity as is known." Before resorting to a "John Doe" or "Jane Doe" designation, due diligence must be exercised. (see Bumpus v New York City Tr. Auth., 66 AD3d 26, 29, 883 NYS2d 99 [2nd Dept 2009]). In other words, a diligent effort to learn a party's true name is a condition precedent to the use of § 1024. (see George Tut & Co. v Doe, 20 Misc 3d 815, 819 [Civ Ct, Kings County 2008]; Michaelangelo Preservation, LLC v Burgos, 75 Misc 3d 1209(A), 1 [Civ Ct, Bronx County 2022]).
Appellate courts could not be clearer: "any failure to exercise due diligence to ascertain the" proper name subjects the case to dismissal. (see J.V. v Suffolk, 235 AD3d 803, 804 [2d Dept 2025] (emphasis added), citing Bumpus, 66 AD3d at 29-30; Wilmington Trust, NA v Shasho, 197 AD3d 534, 536 [2d Dept 2021]; Knight v City of New York, 237 AD3d 640, 641 [1st Dept 2025]; Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]; RR Reo II, LLC v Omeje, 33 Misc 3d 128(A), 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Here, there has been no claim of due diligence. In fact, petitioner's cross-motion reflects the total lack of any diligence. In support of the motion, petitioner's agent reveals that he reviewed the parties' lease only after respondent filed his second order to show cause. (see Doc. No. 32, par 4). He discovered that Lopez is named in the last two (2) leases, dated April 14, 2022 and April, 14, 2024 (id at par. 4).
In other words, the only investigation petitioner had to do to learn that Lopez was claiming rights to the apartment and residing there was to simply look at these leases. Clearly, no diligent effort was made to learn the female occupant's proper name. When that is the case, substitution, as sought by petitioner, is not appropriate. (see Knight v City of New York, 237 AD3d at 641 ("The court properly denied the application... to amend under CPLR 1024 because plaintiffs did not demonstrate diligence in seeking to identify the proposed defendants."); Goldverg v Boatmax://, Inc., 41 AD3d at 256; Harris v North Shore University Hosp at Syosset, 16 AD3d 549, 550 [2d Dept 2005] (cross-motion to amend to include true name properly granted because plaintiff demonstrated "genuine and timely efforts to ascertain his identity before suing him under a fictitious name.") [emphasis added]).
In Pinnacle Bronx E. v Bowery Residents Comm., Inc., (2006 NY Misc. LEXIS 4025, 6 [Civ Ct, Bronx County 2006]), the court pointed out the absurdity of resorting to a fictitious name when the true name is discoverable with minimal effort. "It seems plain that if petitioner had made even a slight inquiry, it would have determined the name of the occupant residing in the apartment, instead of just relying on a pseudonym, John Doe. Petitioner could have examined it's rent records for the apartment, including any leases in its possession." (id). Ultimately, the court denied petitioner's cross-motion to amend to the occupant's true name.
Here, too, the cross-motion must be denied. While amendment is often freely given, (see CPLR § 3025(b)), it cannot be so free as to entirely render the mandates of § 1024 entirely meaningless. (see Clearview Gardens Fourth Corporation v Mula, 78 Misc 3d 1219(A), 2 [Civ Ct, Queens County 2023]; see also Capital Resources Corp v Doe, 154 Misc 2d 864, 868 [Civ Ct, Kings County 1992] ("If the Court were to ignore this blatant misuse of Section 1024 and focus not on the issue of statutory compliance but solely on the question of prejudice, the result would be to sanction the use of "John Doe" proceedings at will. It is not hard to imagine the mischief that such a ruling would engender. If actual prejudice was the only standard, petitioners would be free to ignore the statutory prerequisites and simply name "John Doe" instead of the actual tenant. If the "John Doe" respondent failed to appear, a default would be granted. If the [*3]respondent did appear, petitioner would be free to simply amend.")).
So what happens now? Petitioner has a judgment of possession and a warrant of eviction against "Jane Doe." Clearly, it should not.
"Where a party has failed to exercise due diligence in utilizing CPLR 1024, personal jurisdiction has not been obtained and the proceeding must be dismissed as to the improperly named party." (Clearview Gardens Fourth Corporation v Mula, 78 Misc 3d 1219(A), at 2, citing Bumpus v New York City Tr. Auth., 66 AD3d at 30; Redstone Garage Corp. v New Breed Automotive, Inc., 54 Misc 3d 126[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
For these reasons, the final judgment and warrant of eviction issued against "Jane Doe" are vacated. (see RR Reo II, LLC v Omeje, 33 Misc 3d 128(A) at 2). Consequently, petitioner has no mechanism to evict Lopez from the subject premises. (see RPAPL 749(1)).[FN4]

To the extent that petitioner seeks recission or reformation of the last two executed leases, the court is skeptical it can grant such relief. (see e.g. Jamaica Seven, LLC v Villa, 2020 NY Slip Op 50630(U), 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). To the extent it could grant injunctive and/or equitable relief to the petitioner, the court would not do so without jurisdiction over Lopez.

CONCLUSION
Based on the foregoing, respondent's motion requesting a stay pending appeal is granted and the undertaking is set as noted above and as follows: all arrears to date are to be paid by October 22, 2025; thereafter, use and occupancy shall be paid by the 10th of each month commencing in November 2025; and the stay shall remain in effect until vacated.
Respondent's motion is otherwise denied.
Petitioner's cross-motion is denied in all respects. In addition, based on the conceded facts, the judgment and warrant issued against "Jane Doe" are vacated and the petition is dismissed as to that party. (see CPLR § 409(b)).
Petitioner's request for injunctive and/or equitable relief is denied.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: October 7, 2025 Queens, New York
SO ORDERED,
HON. SHORAB IBRAHIM Judge, Housing Part

Footnotes

Footnote 1: 
How Legal Papers Are Delivered (Service) | NY CourtHelp

Footnote 2: This court is not convinced that CPLR 5519(a)(6) applies to summary proceedings. While lower courts have granted stays under this provision, they have done so while noting the lack of appellate authority directly on point. (see Tibta v 156 E 21 LLC, 231 NYS3d 363, 368 [Civ Ct, Kings County 2025]; Newmont Properties LP v Callendar, 86 Misc 3d 397, 402 [Civ Ct, Kings County 2025]).

Footnote 3: The court notes that respondent does not dispute the arrears anywhere in his papers.

Footnote 4: The court recognizes that the inability to legally remove Lopez from the subject premises would render and eviction of Mr. King futile.